21187

GLENDALE WATER CORPORATION OF FLORENCE, INC., and Rural Community District of Florence, Inc., Appellants, v. The CITY OF FLORENCE, and County of Florence, Inc., and the Public Service Commission of the State of South Carolina, Respondents.

(265 S. E. (2d) 41)

*J. Frank Looper,* Florence, *for appellant Glendale Water Corp. Inc.*

*Bernard D. Dusenbury,* Florence, *for appellant Rural Community Dist. of Florence, Inc.*

*James R. Bell,* Florence, *for respondent City of Florence.*

*Dudley Saleeby, Jr.,* Florence, *for respondent County of Florence.*

*Robert T. Bockman,* Columbia, *for respondent Public Service Commission of South Carolina.*

April 8, 1980.

NESS, Justice:

Glendale Water Corporation of Florence, Inc., and Rural Community Water District of Florence, Inc. appeal from an order denying their request for a permanent injunction restraining respondent City of Florence from extending its water and sewer services into an area within the jurisdiction of respondent, County of Florence. We affirm.

In 1966, respondent Public Service Commission granted Glendale a franchise to provide water and sewer services to a portion of Florence County. In 1976, the County gave tentative approval to a plan allowing the City to extend its water and sewer services into the same area. Appellants then petitioned the trial court to enjoin the City from putting the plan into effect.

The primary issue is whether the Commission's franchise prohibits the City from extending its services into Glendale's service area. We hold it does not.

Code § 5-7-60 permits a municipality to extend any of its services, with certain exceptions not applicable here, into areas beyond its corporate limits. Code § 58-5-30 denies the Commission "any power to *regulate or interfere* with public utilities owned or operated by any municipality or agency thereof." (Emphasis supplied). Reading these sections together, we conclude the general assembly intended for municipalities to be able to extend their services beyond their corporate limits without any interference by the Commission. *American Lease Plans, Inc. v. R. C. Jacobs Plumbing, Heating & Air Conditioning, Inc.,* S. C. 260 S. E. (2d) 712 (1979); *Lewis v. Gaddy,* 254 S. C. 66, 173 S. E. (2d) 376 (1970).

To enjoin the City from extending its water and sewer services beyond its corporate limits solely because the Commission had previously given another entity the exclusive right to provide those services in the affected area would indirectly confer upon the Commission power which the general assembly has seen fit to deny. Since the Commission was created by the legislature, deriving all its powers therefrom, this cannot be done. We therefore hold the trial court did not err in denying appellants' request for a permanent injunction.

The additional questions submitted by the County are dismissed as unnecessary to a determination of the instant controversy. The trial court's order is affirmed.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.