22183

The CITY OF CAMDEN, Appellant, v. The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA, Barbara Truesdell, et al., and Lynches River Electric Cooperative, Inc., Respondents.

(323 S. E. (2d) 519

Supreme Court

*Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford* by *James M. Brailsford, III*, Columbia, and *John O. Ehrenclou*, Camden, *for appellant.*

*H.W.C. Furman*, Camden, *for respondents Barbara Truesdell, et al.*

*George W. Gregory*, Cheraw, *for respondent Lynches River Elec. Co-op., Inc.*

*Arthur G. Fusco* and *Sarena K. Dickerson*, Columbia, *for respondent Public Service Com'n of South Carolina.*

Heard Oct. 2, 1984.

Decided Nov. 13, 1984.

HARWELL, Justice:

The City of Camden (City) appeals from a Public Service Commission (PSC) order affirmed by the circuit court. We reverse.

The City owns and operates an electric distribution system both inside and outside the Camden city limits. It has served the community of Westville, located 16 miles north, with electric power since about 1940. Westville residents requested the City to provide them the electricity, and no other entity was then servicing the area.

After 1945, Lynches River Electric Cooperative began to distribute electricity to areas adjacent to Westville. When the PSC assigned the cooperative to territories in 1972 the service area between the Camden city limits and Westville was not assigned to a cooperative.

On December 29, 1980, residents of the Westville community petitioned the PSC to allow Lynches River to serve them. The petition generally alleged that the Westville residents were not voters of Camden, did not benefit from the City's electric utility revenue, and that they would receive better service at lower rates from Lynches River.

On April 20, 1981 Lynches River applied to the Commission for assignment of Westville pursuant to the Territorial Assignments Act of 1969, S. C. Code Ann. §§ 58-27-610 through 670 (1976). After a hearing, the PSC issued an order requiring the City to sell its electric plant and facilities to Lynches River and assigning the Westville community to the cooperative for electric service. The order was affirmed by the circuit court.

This appeal centers around the City's assertion that the PSC exceeded its statutory authority in assigning Westville to the cooperative and ordering the City to sell its facilities to it. The respondents PSC and Lynches River contend that, since the City never obtained a certificate of public convenience and necessity as allegedly required by § 58-27-1230, and the PSC had not assigned the territory to a supplier, the territory remained subject to PSC assignment. We disagree.

Code § 58-27-1230 states: "No electrical utility, except a municipality within its corporate limits, shall hereafter begin the construction or operation . . . of any electrical utility plant . . . or of any extension thereof . . . without first obtaining from the Commission a certificate that public convenience and necessity require such operation." However, the section further provides an exception which we believe applies here:

> . . . [T]his section shall not be construed to require any such electrical utility to secure a certificate (c) for an extension into territory contiguous to that already occupied by it and not receiving similiar service from another electrical utility.

Extending service to an area contiguous to territory occupied by the City and not already receiving service was thus deemed to be in the public convenience even without PSC approval. The record indicates that, until Camden began servicing Westville, the community had no electricity. Furthermore, although Westville was not contiguous to the city limits, it was contiguous to territory already occupied by the City. Therefore, the City properly began servicing Westville without obtaining a certificate of public convenience.

The respondent, however, maintains that the PSC retained the power to assign the Westville area to the Cooperative. We disagree. No statute gives the PSC such broad power. The Public Service Commission is a governmental body of limited power and jurisdiction, and has only such powers as are conferred upon it either expressly or by reasonably necessary implication by the General Assembly. *Glendale Water Corp. v. City of Florence,* 274 S. C. 472, 265 S. E. (2d) 41 (1980).

The respondent relies partially on Code § 58-27-640. This section authorized the PSC to assign electric co-ops and other electric suppliers to "all areas outside the corporate limits of municipalities . . .: *provided,* that the Commission may leave unassigned any area in which the Commission, in its discretion, determines the absence of assignment is justified by public convenience and necessity." Pursuant to this Act , the PSC assigned electric service rights to suppliers in 1972 but properly did not assign the area between Westville and

Camden to a co-op. The City was already servicing the area pursuant to § 58-27-1230(c). We have found no statute authorizing the PSC to assign a co-op to the Westville area when the City has serviced the area for 44 years and desires to continue doing so.

It is not necessary to define the extent of PSC authority over municipalities providing electricity outside their city limits. *See City of Orangeburg v. Moss*, 262 S. C. 299, 204 S. E. (2d) 377 (1974). We hold only that the PSC lacked statutory authority to assign an area which the City was lawfully servicing to a co-op.

The respondent cites Code § 58-27-1210 is an attempt to legitimize the PSC's assignment of the Westville community to the co-op and its requirement that the City sell its facilities. Section 58-27-1210, however,.does not apply to this authorized exercise of Commission power. The section allows the PSC to order utilities or suppliers to extend their facilities under conditions "just and reasonable" to other utilities.

We conclude that, in this case, the Commission's authority extends to ordering improvements in service, if found to be necessary after a hearing under § 58-27-1520.

We reverse and remand for further proceedings in accordance with this opinion.

Reversed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.