23087

DUKE POWER COMPANY, Appellant v. The PUBLIC SERVICE COM-
MISSION OF SOUTH CAROLINA and Board of Public Works, City of
Gaffney, South Carolina, and Broad River Electric Cooperative, Inc.,
Defendants, of whom the Public Service Commission of South Carolina
and Board of Public Works, City of Gaffney, South Carolina, are
Respondents, and Broad River Electric Cooperative Inc. is an Ap-
pellant. Appeal of BROAD RIVER ELECTRIC COOPERATIVE INC.

(387 S. E. (2d) 241)

Supreme Court

*Jeff D. Griffith, III*, Charlotte, *for appellant Duke Power
Co.*

*Frank S. Potts*, of *Lewis, Lewis, Bruce and Potts*, Colum-
bia, *for appellant Broad River Elec. Co-op., Inc.*

*Asst. General Counsel Marsha A. Ward,* of *Public Service Com'n of South Carolina,* Columbia, *for respondent Public Service Com'n of South Carolina.*

*Robert T. Bockman,* of *McNair Law Firm,* Columbia, *for respondent Board of Public Works,* City of Gaffney, South Carolina.

Heard May 17, 1988.

Decided Oct. 9, 1989.

CHANDLER, Justice:

The Public Service Commission (PSC) issued an Order holding that the City of Gaffney (City), a supplier of electricity, was not required to obtain a Certificate of Public Convenience and Necessity (Certificate) to extend its electric service beyond corporate limits. From an affirmance by the Circuit Court, Duke Power Company (Duke) and Broad River Electric Cooperative (Co-op) appeal.

We reverse.

## FACTS AND BACKGROUND

In 1985 Hamricks, Inc. (Customer) constructed an industrial facility in the northeast quadrant of the Interstate 85 (I-85)—S. C. Highway 105 (Hwy. 105) intersection. The quadrant is approximately one mile west of the City limits in an area unassigned to any electric supplier.[1]

In December 1985 Customer requested three-phase service from the City. Although it had no lines in the unassigned territory, the City did have in place a three-phase line terminating on Hwy. 105 approximately one-half mile from the facility. It met the request by extending this line.

City completed the extension without first obtaining a Certificate from PSC. Duke petitioned PSC for a Cease and Desist Order, contending that a Certificate was required by S. C. Code Ann. § 58-27-1230 (1976) (Statute). Co-op intervened and joined in the request for relief on the same ground.

---

[1] A portion of Hearing Exhibit #1 (Exhibit 1) has been reproduced as an appendix for reference to pertinent landmarks.

PSC denied the Petitions, holding that a provision of the Statute negated the requirement of a Certificate.

## ISSUE

The sole issue in this appeal is whether the City was required to obtain a Certificate prior to extending electric service to the Customer.

## SCOPE OF REVIEW

This Court's scope of review is governed by the Administrative Procedures Act, S. C. Code Ann. § 1-23-380(g) (1986). We may not substitute our judgment for that of the fact-finding body "as to the weight of the evidence on questions of fact." Accordingly, the decision of the PSC will not be overturned unless clearly erroneous in view of the substantial evidence on the whole record. *See Palmetto Alliance, Inc. v. South Carolina Pub. Serv. Comm'n,* 282 S. C. 430, 319 S. E. (2d) 695 (1984); *City of Spartanburg v. Public Service Commission,* 281 S. C. 223, 314 S. E. (2d) 599 (1984).

## DISCUSSION

The Statute, with three exceptions, requires that a utility obtain a Certificate as a condition of constructing or extending electric service. City relies upon the third enumerated exception, subsection (c), which eliminates the Certificate requirement "for an extension into *territory contiguous* to that already occupied by it and not receiving *similar service* from another electrical utility." [Emphasis supplied.]

As can be seen, this exception embraces a two-prong test. First, the territory into which the electric service will be extended must be *contiguous* to that already occupied by the extending utility. Second, the contiguous territory must not be receiving *similar service* from another utility.

From evidence presented at a hearing, PSC found that the City had satisfied both prongs; Duke and Co-op contend that City satisfied neither prong.

As to prong one of the statutory exemption, PSC found that the City's electric facilities were contiguous to the territory in which the Customer is located, including the

area north of I-85 and west of the City limits. We agree that the record supports this finding.

As to prong two, however, the record contains no evidence to support the finding. The identical service requested by the Customer was already available from Duke in the unassigned, contiguous area. As shown on Exhibit 1, Duke's three-phase line supplied electricity to Bommer Industries and Maranatha Church, both located in the contiguous territory.

PSC, nevertheless, concluded that prong two was satisfied because "the three-phase service required for the Customer's operations was not then available from any 'electric utility' *at a more proximate distance* than the service available from the City." [Emphasis supplied.] This determination constitutes an error of law. Under the Statute, "proximity" of similar service is not a factor. Rather, the similar service must not be provided *anywhere* in the contiguous territory by another utility.

Moreover, the PSC finding ignores uncontroverted evidence that Duke's single-phase line, located in the Customer's immediate vicinity, provided similar service within the contiguous territory. H. F. Crater, Jr., the City's own Manager of Public Works, conceded this point when he testified:

> Q. Mr. Crater, If I said that all three-phase lines and all single-phase lines are pretty much alike, would you agree with that?
> A. Generically, I guess so, yes, sir.
> Q. You would say that they are *similar?*
> A. *Yes, sir.*
> Q. Was *similar service* then being provided by Duke Power Company in the area of Hamricks, that Hamricks is using now?
> A. *Yes, sir.* [Emphasis supplied.]

Indeed, Duke's single-phase service referred to in Mr. Crater's testimony was so close to the Customer's premises that an access road could not be constructed without removal of three spans of these lines.

PSC's finding as to the second prong of § 58-27-1230(c) is clearly erroneous. All the evidence of record patently dem-

onstrates that, at the time of the Customer's request for service, Duke, in addition to providing *similar* service, was providing the *exact* service in the contiguous territory. Accordingly, the City could not proceed without first obtaining a Certificate as required by the Statute.

Our decision here is consistent with that in *City of Camden v. Public Service Comm'n*, 283 S. C. 380, 323 S. E. (2d) 519 (1984), for the facts there are distinguishable. In *City of Camden*, no other utility was servicing the contiguous territory at the time the extension was made by the City. Therefore, unlike here, both prongs of § 58-27-1230(c) were satisfied.

## CONCLUSION

The City, having failed to satisfy prong two of the statutory exemption, was proscribed from proceeding without a Certificate of Public Convenience and Necessity. As to whether the City is entitled to such a Certificate, we, of course, express no opinion.[2]

___

[2] The record contains extensive testimony concerning customer preference, duplication of service and relative costs of competing utilities, etc. While these matters may be relevant in PSC determination of the City's entitlement to a Certificate, they have no bearing on the issue in this appeal.

Reversed.

HARWELL, J., and DON S. RUSHING, Acting J., concur.

FINNEY and TOAL, JJ., dissent in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. Our appellate review of this administrative decision is limited to a determination of whether the Commission's decision declining to require the City of Gaffney to apply for a Certificate of Public Convenience and Necessity was supported by substantial evidence. Substantial evidence under S. C. Code Ann. § 1-23-380(g)(5) (Law Co-op 1976) is neither a mere scintilla of evidence nor evidence viewed blindly from one side of a case, but rather is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Carroll v. Gaddy*, 295 S. C. 426, 368 S. E. (2d) 909 (1988).

As set out in the majority opinion, Section 58-27-1230 requires that an electrical utility, seeking to extend electrical service, must apply for a Certificate of Public Convenience and Necessity unless the extension is into "territory contiguous to that already occupied by it and not receiving similar service from another electrical utility." The Commission concluded that "the territory in which the customer was located was contiguous to territory already occupied by the City's facilities located both along Highway 105 and within the municipal limits east of the customer's location." The majority opinion adopts the Commission's factual determination that the City's territory was contiguous. The majority then expands the Commission's factual finding of the contiguity of the territory to encompass the entire unassigned territory. I find no evidence in the record which permits our Court to redraw the boundaries of the contiguous territory after the Commission has already made a factual determination. When reviewing an agency decision, our Court should not "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." S. C. Code Ann. § 1-23-380(g) (Law Co-op 1976). By redefining contiguous territory, the majority substituted its judgment for that of the agency, and impermissibly weighed the evidence.

Because the majority misapprehended the definition of contiguous territory, their analysis with respect to the second prong of the statutory test is also flawed. The similar service by Duke, upon which the majority relies in reversing the Commission's decision, exists solely in the unassigned territory, which the Commission found was not contiguous territory. For the majority now to define contiguous territory to include all unassigned territory would prevent a utility from ever extending electrical service without first applying for a Certificate of Public Convenience and Necessity once another utility provides service to any area within the territory. I do not believe the majority's interpretation of the statute comports with the legislative intent.

The determination of the meaning of contiguous territory and similar service is a factual issue. The determination of factual issues is within the province of the Commission. There is substantial evidence in the record which supports the Commission's factual determinations. I would affirm the Commission's decision and the decision of the Circuit Court.

FINNEY, J., concurs.