1496

Betty BOBO, Employee, Claimant, Respondent v. MARSHANE CORPORATION, Employer and Aetna Casualty & Surety Co., Carrier, Appellants.

(394 S.E. (2d) 2)

Court of Appeals

*John M. O'Rourke,* of *Doyle & O'Rourke,* Anderson, *for appellant.*

*Joseph G. Wright, III,* and *Ernest C. Trammel,* Anderson, *for respondent.*

Heard April 9, 1990.

Decided May 7, 1990.

GOOLSBY, Judge:

The dispositive issue in this workers' compensation case is whether the circuit court erred in affirming an order of the South Carolina Workers' Compensation Commission where the full commission, following a remand of the case to the full commission for it to state separately findings of fact and conclusions of law in accordance with Section 1-23-350 of the South Carolina Code Annotated (1976) (Rev. 1986),[1] conducted a *de novo* hearing and reversed a decision of the majority of a three-member panel denying a claimant benefits under the South Carolina Workers' Compensation Act. We hold it did so and therefore reverse and remand the case for further proceedings.

The single commissioner awarded Betty Bobo total disability benefits due to a heart attack she allegedly suffered while working for Marshane Corporation. The majority of a three-member panel of the full commission, however, reversed the single commissioner's award and denied Bobo's claim for benefits. An appeal by Bobo to the circuit court from the panel's decision resulted in the case being remanded to the full commission. On remand, the six-member full commission reheard the appeal from the single commissioner and, by an evenly divided vote, affirmed the single commissioner's decision awarding Bobo benefits, thereby reversing the panel's decision denying her benefits. The circuit court thereafter affirmed the full commission's decision. Marshane and Aetna Casualty & Surety Co., Marshane's carrier, now appeal to this court.

---

[1] Section 1-23-350 of the Code provides in part as follows:

A final decision or order adverse to a party in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated.

The remand order in issue reads in part as follows:

> [T]he full commission's order fails to set forth separate findings of fact and conclusions of law. There is no section labelled "conclusions of law" at all. The case must, therefore, be remanded to the full commission so that its order may be brought into compliance with Section 1-23-350. . . .
>
> THEREFORE, IT IS ORDERED that this case is remanded to the full commission so that it may *further develop its previous order and bring it into compliance* with Section 1-23-350. (Emphasis added.)

Where a case that has been appealed is remanded by the court to the workers' compensation commission with specific directions, the commission must proceed in accordance with those directions. 101 C.J.S. *Workmen's Compensation* § 790 at 37 (1958). In such a case, the order limits the authority of the commission. *Id.* The appeal, however, remains pending in the circuit court while it awaits the commission's compliance with the order of remand. *See Driscoll v. McAlister Brothers*, 294 Pa. 169, 144 A. 89 (1928) (an appeal was still pending in the court of common pleas where the court pursuant to statute remitted the record to the Workmen's Compensation Board for more specific findings under the Workmen's Compensation Act); *cf. Drake v. Raybestos-Manhattan, Inc.*, 241 S.C. 116, 127 S.E. (2d) 288 (1962), *overruled on other grounds, Hunt v. Whitt*, 279 S.C. 343, 306 S.E. (2d) 621 (1983) (a remand is proper where the commission fails to make essential findings of fact); S.C. CODE ANN. § 1-23-380(d) (1976) (Rev. 1986) ("The court may require . . . subsequent corrections or additions to the record.").

Here, the circuit court remanded the case to the full commission with specific instructions. These instructions, construing the order as a whole, directed the full commission to develop its order further and to bring it into compliance with Section 1-23-350 by making separate findings of fact and conclusions of law. Instead of following the directions of the court, the full commission went much further. It completely reversed the panel's decision and substituted therefor a new decision with a different result. In so doing, the full commis-

sion exceeded the authority granted it under the order of remand. *Jackson v. Fayetteville Area System of Transportation,* 88 N.C. App. 123, 362 S.E. (2d) 569 (1987); *see Parker v. S.C. Public Service Commission,* 288 S.C. 304, 342 S.E. (2d) 403 (1986) (the Public Service Commission could not consider additional evidence where the Supreme Court reversed a judgment and remanded the issues to the Public Service Commission for further consideration in accordance with the views expressed in the Supreme Court's opinion unless the Court provided for the taking of additional evidence); *Higgins v. Commonwealth Coal & Coke Co.,* 106 Pa. Super. 1, 161 A. 745 (1932) (where the court remitted the record for more specific findings of fact, the compensation board had no power to restore an agreement previously eliminated by an award); *In re Doherty,* 222 Mass. 98, 109 N.E. 887 (1915) (where a remand order did not authorize the commission to expunge the old record and to make a new one, the commission lacked authority to make a new record).

The circuit court, therefore, erred in not remanding the case to the full commission and directing it to comply with the circuit court's earlier order.

Accordingly, we reverse and remand the case to the circuit court for the purpose of entering an appropriate order remanding the case to the workers' compensation commission.[2]

Reversed and remanded.

SHAW and BELL, JJ., concur.

---

[2] We deem immaterial the change in membership on the workers' compensation commission between the time of the panel's decision and the circuit court's order remanding the case. The work of the workers' compensation commission, like the work of a court, goes on irrespective of personnel changes. *Tignor v. Allen & Garcia Co.,* 106 Pa. Super. 49, 161 A. 489 (1932). The commission is obliged to make separate findings of fact and conclusions of law supporting its earlier conclusion to reverse the award made by the single commissioner. Afterward, the circuit court can determine whether the findings of fact so made are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record and whether the conclusions of law are affected by an error of law. *See* S.C. CODE ANN. § 1-23-380(g) (1976) (Rev. 1986) (statute providing for judicial review of administrative agency decisions and prescribing the grounds on which a court may reverse or modify an agency decision).