2027

Mary G. CHEW, Respondent v.
NEWSOME CHEVROLET, INC., Appellant.

(431 S.E. (2d) 631)

Court of Appeals

*Andrew F. Lindemann* of *Nauful & Ellis,* Columbia, *for appellant.*

*Gene Stockholm,* of *Oswald & Associates,* West Columbia, *for respondent.*

Heard March 22, 1993.

Decided June 7, 1993.

BELL, Judge:

This is an action in negligence seeking damages for personal injury. Mary G. Chew sued Newsome Chevrolet, Inc., alleging that she was injured while working as a security guard at Newsome's automobile dealership. Chew was an employee of Am-Pro Protective Agency, a security service that was under contract with Newsome to provide security for Newsome's business premises. After answering the complaint, Newsome moved for summary judgment on the ground that the court lacked subject matter jurisdiction, because Chew was its statutory employee under the South Carolina Workers' Compensation Act. The circuit court denied the motion for sum-

mary judgment, ruling that material issues of fact remained for the jury. Newsome appeals. We reverse and remand.

As a threshold matter, Newsome argues the circuit court erred in holding the issue of subject matter jurisdiction depended on submission of disputed facts to the jury. The question of subject matter jurisdiction is a question of law for the court, not a jury question. *Bargesser v. Coleman Co.*, 230 S.C. 562, 96 S.E. (2d) 825 (1957). If the facts which give rise to a jurisdictional issue are in dispute, the court, not a jury, must find the facts. *Id.*

> It has been consistently held that whether the claim of an injured workman is within the jurisdiction of the [Workers Compensation] Commission is a matter of law for decision by the court, which includes the finding of facts which relate to jurisdiction.
>
> \* \* \* \* \* \*
>
> The rule is based upon the principle that "[e]very court has the power and duty to determine whether . . . it has jurisdiction . . . .," which includes the power "to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction."

*Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 7-8, 132 S.E. (2d) 18, 21 (1963). Thus, the judge erred in this case when he concluded that the court should not decide the facts relevant to the jurisdictional issue, but should reserve them for trial by jury.

The court was no doubt misled in this regard, because Newsome raised the jurisdictional issue in a motion for summary judgment. As we have stated in *Woodard v. Westvaco Corp.*, — S.C. —, — S.E. (2d) — Op. No. 2026 (S.C. Ct. App. filed June 7, 1993) (Davis Adv. Sh. No. 15), the proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP. If a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the court should treat the motion as if it were a Rule 12(b)(1) motion. The motion may be supported by, and the court may consider, affidavits or other evidence necessary to determine the question of jurisdiction. *Id.* An interlocutory order denying a motion to dismiss for lack of subject matter

jurisdictions immediately appealable. *See Carter v. Florentine Corp.*, — S.C. —, 423 S.E. (2d) 112 (1992); *Woodard v. Westvaco Corp.*

We turn now to the question of subject matter jurisdiction. The undisputed facts show security services are part of Newsome's general business. Newsome's automobile inventory is extensive and security services are necessary to protect inventory from vandalism and theft. Chew was, therefore, Newsome's statutory employee. *See Smith v. T.H. Snipes & Sons, Inc.*, 306 S.C. 289, 411 S.E. (2d) 439 (1991); *Woodard v. Westvaco Corp.*

As Newsome's statutory employee, Chew's exclusive remedy for the injuries alleged in the complaint was to file a claim with the Workers' Compensation Commission. *Woodard v. Westvaco Corp.* The circuit court had no jurisdiction to entertain a common law action for recovery of damages. *Id.*

Accordingly, we reverse the order of the circuit court and remand with instructions to enter judgment dismissing the action for lack of subject matter jurisdiction.

Reversed and remanded.

GARDNER and SHAW, JJ., concur.