24286

BROAD RIVER ELECTRIC COOPERATIVE, INC. and Duke Power Company, Respondents v. BOARD OF PUBLIC WORKS OF the CITY OF .GAFFNEY, Appellant.

(460 S.E. (2d) 386)

Supreme Court

*Robert T. Bockman, Robert W. Dibble, Jr.* and *Margaret M. Fox* all of *McNair & Sanford,* Columbia, *for appellants.*

*E. Crosby Lewis* and *John J. Fantry* both of *Lewis, Rogers & Lark,* Columbia, *for respondent Broad River Elec. Cooperative, Inc.*

*William Frederick Austin, Richard Lee Whitt* both of *The Austin Law Firm,* Columbia; and *Jefferson D. Griffith, III* and *Mary Lynne Grigg,* Charlotte, N.C., *for respondent Duke Power Co.*

Heard Feb. 22, 1995.

Decided July 24, 1995; Reh. Den. Aug. 24, 1995.

WALLER, Justice:

The Board of Public Works of the City of Gaffney (Gaffney) appeals three orders holding it in contempt. We hold Circuit Court was without subject matter jurisdiction over the matter and, accordingly, the orders are vacated.

## FACTS

In 1985, Gaffney extended electric service (1985 Line) to a customer in an area unassigned to any other electric supplier. The Public Service Commission (PSC) approved the extension; this Court reversed the PSC, finding a Certificate of Public Convenience prerequisite to Gaffney's extension of service. *Duke Power Co. v. Public Service Commission*, 300 S.C. 210, 387 S.E. (2d) 241 (1989). On remand, PSC issued an order which appeared to permit Gaffney to continue providing service from the 1985 extension. Broad River Electric Cooperative appealed PSC's order, and Circuit Court reversed, finding that Gaffney was not entitled to provide service from the 1985 Line. In an order dated October 20, 1992, Circuit Court **remanded** to PSC with instructions it order Gaffney to a) immediately give thirty days written notice of termination of service to customers, b) consult with Broad River and Duke Power to arrange for orderly transition of service, and c) terminate all service from the 1985 extension and dismantle the line within sixty days of the Circuit Court's order. On March 23, 1993, PSC issued an order in accordance with Circuit Court's order.

Subsequent to issuance of PSC's order, Gaffney dismantled the 1985 line, while simultaneously replacing it with an adjacent line (1993 Line). Upon learning of Gaffney's construction of the new line, Broad River and Duke Power instituted this contempt proceeding in Circuit Court seeking to have Gaffney declared in contempt. By order dated September 10, 1993, Circuit Court held Gaffney in contempt for attempting to circumvent the intent of the prior order by construction of the 1993 Line.

Thereafter, in two orders dated January 28, 1994, Gaffney was held in contempt for noncompliance with the September 10, 1993 order.

## ISSUE

The sole issue we address is whether Circuit Court, upon remanding the matter to PSC, lost subject matter jurisdiction.

## DISCUSSION

■ Gaffney contends that Circuit Court's remand deprived it of subject matter jurisdiction to hold it in contempt of PSC's order. We agree.

In *Hamm v. Public Service Commission*, 307 S.C. 188, 192, n. 1, 414 S.E. (2d) 149 (1992), we held that when a matter is remanded to the PSC without an express retention of jurisdiction, the Circuit Court loses jurisdiction and, therefore, no longer has authority over the proceedings. Here, Circuit Court did not retain jurisdiction in its remand order and, accordingly, it was without authority to hold Gaffney in contempt. Moreover, Circuit Court's October, 1992 Order did not **direct** Gaffney to do anything. The order merely remanded to PSC for it to order Gaffney to comply. Since this mandate was complied with, Gaffney, if it is in contempt at all, is not in contempt of Circuit Court's order, but of PSC's subsequent order of implementation. Contempt proceedings, if any, for violation of PSC's orders were required to be instituted by the PSC. S.C. Code Ann. § 58-27-2010 (1976).[1]

■ Subject matter jurisdiction may not be waived. *Anderson v. Anderson*, 299 S.C. 110, 382 S.E. (2d) 897 (1989).

Accordingly, the orders[2] holding Gaffney in contempt are

Vacated.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[1] Alternatively, either the PSC or the State could have instituted proceedings for an injunction, mandamus, or other appropriate relief. S.C. Code Ann. § 58-27-210 (1976).

[2] Since Circuit Court was without jurisdiction to enter the September, 1993 contempt order, the January, 1994 finding of a contempt for violation of the September, 1993 order is likewise void. *Hoover v. Hoover*, 271 S.C. 177, 246 S.E. (2d) 179 (1978).