518 S.E.2d 262

CITY OF CAMDEN, Respondent,

v.

PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA
and Black River Electric Cooperative, Appellants.

No. 24973.

Supreme Court of South Carolina.

Heard June 9, 1999.
Decided July 19, 1999.

F. David Butler, of Columbia, for appellant Public Service Commission.

Arthur G. Fusco, of Columbia, for appellant Black River Electric Cooperative.

James M. Brailsford, III, of Robinson, McFadden & Moore, of Columbia, for respondent.

MOORE, Justice:

This appeal is from a circuit court order reversing a decision of appellant Public Service Commission (PSC) that assigned an area already served by respondent (City) to appellant Black River Electric Cooperative (Coop). We affirm.

## FACTS

In October 1996, several residents of the Red Hill area of Lee County filed a complaint with the PSC alleging inadequate and undependable electrical service from City. The complainants sought relief under S.C.Code Ann. § 58–27–660 (1977), which allows a change in electric supplier for inadequate service, and asked that Coop take over service of the area.

A hearing was held on June 25, 1997. Two residents testified to power surges and outages occurring from 1990 through the summer of 1996. City Manager Broom testified City had retained an electrical engineering firm in September 1996 which recommended repairs including adding voltage regulators and capacitor banks, replacing reclosers, and coordinating the types and sizes of reclosers and fuses. This work had been completed by the date of the hearing at a cost of $35,000. Broom further testified that long-term improvements to meet growing demand were in the planning stages.

City also put up the testimony of an electrical engineer, A.J. Molnar, who corroborated that all the recommended repairs had been completed in April 1997. He testified that as of the weekend before the hearing, voltage readings in the Red Hill area indicated a constant voltage of 122 volts which is considered "very good." These readings indicated no voltage surges

or low voltage problems. Molnar testified that the current electrical status of the Red Hill area would be sufficient for "a good number of years" and could accommodate a five percent increase in load.

In its order, the PSC sua sponte took judicial notice that it had in its files no certificate of public convenience and necessity to support City's service of the area as required under S.C.Code Ann. § 58–27–1230 (1977).[1] It concluded City was not lawfully serving the Red Hill area (which City had served since at least 1940) because City had failed to prove it was exempt from obtaining such a certificate. Accordingly, the PSC assigned the Red Hill area to Coop under S.C.Code Ann. § 58–27–640 (1977).

On appeal, the circuit court reversed. It found there was no substantial evidence that City's electrical service was inadequate at the time of the PSC hearing. Further, it was an error of law to assign the Red Hill area to another supplier under § 58–27–640 because the legality of City's service was never raised by the pleadings and City had no notice. The PSC and Coop appeal.

## ISSUES

1. Did the circuit court apply the appropriate standard of review?
2. Did the PSC properly assign the area to Coop because City's service was unlawful?

## DISCUSSION

### 1. Standard of review

■ Appellants contend the circuit court's order should be reversed because it substituted its own view of the facts in finding there was no evidence of inadequate service. *See Porter v. South Carolina Pub. Serv. Comm'n*, 333 S.C. 12, 507

---

1. This section requires such a certificate for every electrical utility except a municipality within its corporate limits with these exemptions:

   (a) for any extension within any municipality or district within which it had lawfully commenced operations prior to April 8, 1932, (b) for an extension within or to territory already served by it, necessary in the ordinary course of its business or (c) for an extension into territory contiguous to that already occupied by it and not receiving similar service from another electrical utility.

S.E.2d 328 (1998) (appellate court may not substitute its judgment for that of the PSC). This issue is without merit.

First, the record is clear there was no evidence of inadequacy at the time of the hearing before the PSC. Moreover, regardless of the circuit court's finding, the PSC did not rest its decision on inadequacy of service presumably because reassignment for inadequacy of service under § 58–27–660 does not apply to municipalities.[2] Relief for inadequacy of service by a municipality is limited under S.C.Code Ann. § 58–27–1520 (1977) to ordering City to improve its electrical service.[3] Accordingly, inadequacy of service could not support assignment of the Red Hill area to Coop in this case.

### 2. Lawfulness of City's service

■ Appellants contend the circuit court improperly relied on *Camden v. South Carolina Pub. Serv. Comm'n*, 283 S.C. 380, 323 S.E.2d 519 (1984), in reversing the assignment to Coop. *Camden* involved an area serviced by a municipality outside its city limits that was assigned by the PSC to an electric cooperative. The Court concluded on the facts of the case that since the municipality was lawfully servicing the area, the PSC lacked authority to assign the area to another electric supplier under § 58–27–640.

In this case, the circuit court concluded the lawfulness of City's service to the Red Hill area was not properly in issue because it was not raised by the pleadings. Accordingly, the holding in *Camden* applied and the PSC could not assign the Red Hill area to Coop under § 58–27–640.

We agree with the circuit court's ruling. In this case, no allegation was ever raised regarding unlawful service. In fact,

---

2. Section 58–27–610(1), which applies to Article 5 of Chapter 27, excludes a municipality from the definition of "electric supplier." Section 58–27–660 is part of Article 5 and therefore does not apply to municipalities.

3. This section provides:

Whenever the Commission, after a hearing had upon its own motion or upon complaint, finds that the service of any electrical utility is unreasonable, unsafe, inadequate, insufficient or unreasonably discriminatory the Commission shall determine the reasonable, safe, adequate and sufficient service to be observed, furnished, enforced or employed and shall fix the same by its order, rule or regulation.

City had no notice of any such challenge to its service until the PSC issued its order. *See Cameron & Barkley Co. v. South Carolina Procurement Review Panel,* 317 S.C. 437, 454 S.E.2d 892 (1995) (administrative agency's consideration of an issue without notice resulting in prejudice violates procedural due process).

Further, S.C.Code Ann. § 58–27–1270 (1977) provides the proper procedure in a case of unlawful service:

Whenever ... [a] governmental body ... is engaged ... in ... operation without having secured a certificate of public convenience and necessity as required by the provisions of this chapter, or otherwise in violation thereof, *any interested electrical utility, electric cooperative, consolidated political subdivision, corporation or municipality may file a complaint* with the Commission. The Commission may, with or without notice, make its order requiring the party complained of to cease and desist ... until *the Commission may, after hearing, make such order and prescribe such terms and conditions in harmony with this chapter as are just and reasonable.*

(emphasis added).

This section clearly envisions a complaint and action to specifically challenge unlawful service by an electric supplier.

The circuit court's order reversing the PSC's assignment of the Red Hill area to Coop is **AFFIRMED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.