**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clarence B. Jenkins, Jr., Appellant,

v.

South Carolina Workers' Compensation Commission, Respondent.

Appellate Case No. 2016-001382

_____

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

_____

Unpublished Opinion No. 2018-UP-450
Submitted October 1, 2018 – Filed December 5, 2018

_____

**AFFIRMED**

_____

Clarence B. Jenkins, Jr., of Neeses, pro se.

James Keith Roberts, of the South Carolina Workers' Compensation Commission, of Columbia, for Respondent.

_____

**PER CURIAM:** Clarence B. Jenkins, Jr., appeals a circuit court order dismissing his action against the South Carolina Workers' Compensation Commission (the Commission) for lack of subject matter jurisdiction and for failure to state facts sufficient to constitute a cause of action. He argues the circuit court erred in (1)

dismissing his case because it did not consider pertinent medical documentation, (2) dismissing his case because section 15-77-50 of the South Carolina Code (2005) gives the circuit court jurisdiction over commissions, (3) dismissing his case when the Commission violated its own policy of requiring employers to provide a Form 14B, and (4) in not affording Jenkins an opportunity for alternative dispute resolution (ADR), as required in all civil cases in South Carolina. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The circuit court properly dismissed Jenkins's case pursuant to Rules 12(b)(1) and 12(b)(6), SCRCP. *See Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) ("The question of subject matter jurisdiction is a question of law for the court." (quoting *Chew v. Newsome Chevrolet, Inc.*, 315 S.C. 102, 104, 431 S.E.2d 631 (Ct. App. 1993))); S.C. Code Ann. § 42-3-180 (2015) ("All questions arising under [the Workers' Compensation Act], if not settled by agreement of the parties interested therein with the approval of the commission, shall be determined by the commission, except as otherwise provided in this title."); S.C. Code Ann. § 42-17-60 (2015) ("The award of the commission . . . if not reviewed in due time . . . is conclusive and binding as to all questions of fact. However, either party to the dispute . . . may appeal from the decision of the commission to the court of appeals."); *Baird v. Charleston Cty.*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999) ("Under Rule 12(b)(6), SCRCP, a defendant may make a motion to dismiss based on a failure to state facts sufficient to constitute a cause of action."); S.C. Code Ann. § 15-78-60(1)-(2) (2005) ("The governmental entity is not liable for a loss resulting from: (1) . . . judicial[] or quasi-judicial action or inaction; (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature.").

2. Jenkins's remaining issues are unpreserved. *See Aiken v. World Fin. Corp. of S.C.*, 373 S.C. 144, 148, 644 S.E.2d 705, 708 (2007) ("In order to be preserved for appellate review, an issue must have been raised to and ruled upon by the [circuit] court.").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.