**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Technical College System, Appellant,

v.

Carla Jackson and South Carolina Department of Administration, Respondents,

Of Whom Carla Jackson is the Respondent.

Appellate Case No. 2020-001689

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-189
Submitted November 1, 2023 – Filed May 29, 2024
Withdrawn, Substituted, and Refiled August 14, 2024

———————

**AFFIRMED**

———————

Andrew F. Lindemann, of Lindemann Law Firm, P.A., and Warren V. Ganjehsani, of South Carolina Technical College System, both of Columbia, for Appellant.

Shannon Marie Polvi, of Cromer Babb & Porter, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** South Carolina Technical College System (SCTCS) appeals the administrative law court's (the ALC) order, which upheld the State Employee Grievance Committee's (the Committee) determination that Carla Jackson was a full time equivalent (FTE) employee, covered under the State Employee Grievance Procedure Act (the Act), and was terminated without cause. We affirm.

## FACTS/PROCEDURAL HISTORY

Jackson was employed by Denmark Technical College (DTC) as an administrative coordinator. On October 1, 2013, Jackson applied for tuition reimbursement from DTC for an MBA program she was enrolled in at American International University (AIU). Jackson sought reimbursement for two courses she completed at a different institution and for which she received transfer credit from AIU. Jackson received money from DTC for these two courses; however, following an SCTCS investigation, DTC terminated her employment on May 11, 2017, for the improper receipt of tuition payments and using her position for personal gain.

Prior to her termination, Jackson worked as an administrative coordinator until she was appointed Interim Dean of Transition Studies and Distance Education on October 1, 2015. In October 2016, she became Interim Dean of Business, Computers, and Related Technologies. Following her termination in May 2017, Jackson filed a grievance by submitting a State Appeal Form, which was sent to the Committee. After a hearing, the Committee determined SCTCS and DTC's decision to terminate Jackson's employment prejudiced her rights. The Committee issued a final decision on March 22, 2018.

SCTCS filed a motion for reconsideration, which the Committee denied on August 1, 2018. It then appealed the Committee's decision to the ALC (the 2018 appeal). SCTCS argued the Committee lacked subject matter jurisdiction to make its original decision because Jackson was not a covered employee under the Act and had no right to a hearing. The ALC did not rule on the merits of SCTCS's appeal and instead issued an order of remand to the Committee to determine which position—administrative coordinator (covered employee entitled to a grievance under the Act) or interim dean (uncovered employee)—Jackson held at the time of her termination. On February 3, 2020, the Committee determined Jackson was an administrative coordinator and therefore covered under the Act. On March 5, 2020, SCTCS appealed the Committee's findings on remand (the 2020 appeal). The ALC upheld the Committee's decision and granted relief to Jackson (the ALC's first order). SCTCS filed another motion for reconsideration, which was denied, and the ALC issued an amended final order. This appeal followed.

**ISSUES ON APPEAL**

I.      Did the ALC err in finding Jackson was a covered employee under the Act and that the Committee and the ALC had subject matter jurisdiction over her grievance?

II.     Did the ALC err in refusing to hear the merits of SCTCS's appeal that DTC had valid reasons to terminate Jackson and there was substantial evidence in the record to support her termination?

**STANDARD OF REVIEW**

This court will reverse the ALC's decision if the decision is:

> (a) in violation of constitutional or statutory provisions;
> (b) in excess of the statutory authority of the agency;
> (c) made upon unlawful procedure;
> (d) affected by other error of law;
> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> (f) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

*Deerfield Plantation Phase II B Prop. Owners Ass'n v. S.C. Dep't of Health & Env't Control*, 414 S.C. 170, 175, 777 S.E.2d 817, 819 (2015) (quoting S.C. Code Ann. § 1–23–610(B) (Supp. 2023)).  Therefore, "this Court's review is limited to determining whether the ALC's findings were supported by substantial evidence, or were controlled by an error of law."  *Id.*  "As to questions of fact, the Court may not substitute its judgment for the ALC's judgment when weighing the evidence."  *Id.*  "In determining whether the ALC's decision was supported by substantial evidence, the Court need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."  *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014).

**LAW/ANALYSIS**

**I.      Jackson's Employment Status**

SCTCS argues the Committee and the ALC lacked subject matter jurisdiction because Jackson was not an employee covered by the Act and, therefore, had no right to a grievance hearing.

## A.        Remand to the Committee

First, SCTCS contends the ALC erred in remanding to the Committee to make factual findings on a jurisdictional issue. SCTCS avers the determination of Jackson's employment status is a question of subject matter jurisdiction that the ALC could determine pursuant to *Chew v. Newsome Chevrolet*, 315 S.C. 102, 431 S.E.2d 631 (Ct. App. 1993). We disagree.

We hold the ALC did not err in remanding to the Committee because the ALC is permitted to remand to the Committee to make factual findings. Furthermore, we find the question of which role Jackson held at the time of her termination is one based in fact. *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2023) ("The court may affirm the decision of the agency or remand the case for further proceedings."). Additionally, we find *Chew* is inapplicable to this case because unlike *Chew*, the ALC did not conclude a jury should decide factual issues relevant to jurisdiction. Instead, the ALC remanded to the Committee, who is not a jury and acts in a manner similar to that of a judicial body capable of making such determinations. *See* S.C. Code Ann. Regs. 19–775.24 (2011) ("The final decision of the State Employee Grievance Committee as it relates to an appeal shall include the (1) findings of fact, (2) statements of policy and conclusions of law, and (3) the Committee's decision."); *Chew*, 315 S.C. at 103, 431 S.E.2d at 631 (stating an employer "moved for summary judgment on the ground that the [circuit] court lacked subject matter jurisdiction because Chew was its statutory employee under the South Carolina Workers' Compensation Act"); *id.* ("The circuit court denied the motion for summary judgment, ruling that material issues of fact remained for the jury."); *id.* at 104, 431 S.E.2d at 632 (holding the circuit court "erred in this case when [it] concluded that the court should not decide the facts relevant to the jurisdictional issue, but should reserve them for trial by jury").

Further, SCTCS argues the ALC erred by applying the substantial evidence standard after remand. We find SCTCS's argument is not preserved for appellate review. SCTCS makes this argument for the first time on appeal to this court. *See State v. Oxner*, 391 S.C. 132, 134, 705 S.E.2d 51, 52 (2011) ("Even though subject matter jurisdiction may be raised at anytime, there is no error preservation exception allowing a party to bypass calling an erroneous ruling to the attention of the tribunal making it before appealing that ruling to a higher court.").

## B. Jackson as Interim Dean

SCTCS contends Jackson held the position of interim dean at the time of her termination, which is not an FTE position covered by the Act.[1] We disagree.

We hold there is substantial evidence in the record that Jackson was an administrative coordinator and a covered employee under the Act at the time of her termination. *See Kiawah*, 411 S.C. at 28, 766 S.E.2d at 715 ("In determining whether the ALC's decision was supported by substantial evidence, the Court need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."). DTC's investigative report and Jackson's termination letter and dual employment form listed her role as "Administrative Coordinator". Additionally, each letter that appointed Jackson to a new temporary position expressly stated that she would retain her role as administrative coordinator, explained the new role's duties were in addition to those of her current position (as administrative coordinator), and emphasized any changes to her position would be temporary. Moreover, Jackson's payroll action forms indicate the human resource actions were "dual" and each salary adjustment she received was described as a supplement or temporary.

In response to these facts, SCTCS argues Jackson did not "function" as an administrative coordinator. Specifically, SCTCS points to Jackson's testimony that someone had filled her administrative coordinator position when she became interim dean. We find this argument fails under the facts previously outlined because a reasonable mind could reach the same conclusion as the ALC with regard to Jackson's role at DTC. *See Kiawah*, 411 S.C. at 28, 766 S.E.2d at 715 ("In determining whether the ALC's decision was supported by substantial evidence, the Court need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."). Furthermore, Jackson's employment status is a factual question that was answered by the Committee and the ALC. This court defers to the ALC's findings on such issues. See *Deerfield*, 414 S.C. at 175, 777 S.E.2d at 819 ("As to questions of fact, [this c]ourt may not substitute its judgment for the ALC's judgment when weighing

---

[1] SCTCS also contends Jackson is bound by the representation on her appeal form which stated she was an interim dean. This argument is without merit. Jackson's representation that she was interim dean is correct; however, as evidenced by the record, it was a temporary position, and she retained her role as administrative coordinator at the time she became interim dean.

the evidence.").  Thus, we find substantial evidence exists that demonstrates Jackson was an administrative coordinator and an FTE employee with grievance rights under the Act.

## II.      Refusal to Hear Merits

SCTCS argues the ALC erred by refusing to hear the merits of its appeal.  SCTCS avers it had a valid reason to terminate Jackson and substantial evidence in the record supported its decision.  It contends it did not waive its arguments because the notice of appeal incorporated the prior 2018 appeal and the ALC disregarded precedent in *Bobo v. Marshane Corporation*.[2]  We disagree.

Generally, a court does not retain jurisdiction of an appeal after remand unless it specifically retains jurisdiction.  *See Hamm v. S.C. Pub. Serv. Comm'n*, 307 S.C. 188, 192 n.1, 414 S.E.2d 149, 151 n.1 (1992) ("The circuit court's assertion of jurisdiction was improper since the case had been remanded to [the Public Service Commission] and the order remanding it did not retain jurisdiction of any part of the case."); *Broad River Elec. Co-op., Inc. v. Bd. of Pub. Works of City of Gaffney*, 319 S.C. 230, 232, 460 S.E.2d 386, 387 (1995) ("[W]hen a matter is remanded . . . without an express retention of jurisdiction, the [c]ircuit [c]ourt loses jurisdiction and, therefore, no longer has authority over the proceedings."); *Leviner v. Sonoco Prod. Co.*, 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000) ("Under Rule 59(e), SCRCP, the trial judge has only ten days from entry of judgment to alter or amend an earlier order on his own initiative absent a 'reservation' of jurisdiction in the form order.").  Here, the ALC's order of remand did not specifically state that it retained jurisdiction of SCTCS's 2018 appeal.  Therefore, we find the ALC did not err in refusing to address the merits of SCTCS's appeal.

Additionally, we find *Bobo* is inapplicable here.  In *Bobo*, the claimant appealed the Workers' Compensation Commission's denial of benefits to the circuit court; however, the circuit court found the Commission failed to make certain findings of fact and conclusions of law.  *Bobo*, 302 S.C. at 87, 394 S.E.2d at 3.  The circuit court remanded to the Commission with specific, limiting instructions to make the required findings.  *Id.*  Instead, the Commission conducted another full hearing and granted claimant benefits.  *Id.*  This court found the Commission should not have conducted another full hearing and that the specific instructions in the order to remand limited the authority of the Commission and retained jurisdiction of the appeal in the circuit court.  *Id.* at 88, 394 S.E.2d at 4.  Here, no specific limiting

---

[2] 302 S.C. 86, 394 S.E.2d 2 (Ct. App. 1990).

instructions were included in the ALC's order of remand that could imply the ALC sought to retain jurisdiction.

SCTCS also makes several arguments regarding the merits of its appeal. Because the underlying merits of SCTCS's appeal are unpreserved and the ALC refused to address these arguments, we find SCTCS's arguments are not properly before this court for review. See *Brown v. S.C. Dep't of Health & Env't Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**CONCLUSION**

Accordingly, the ALC's order is

**AFFIRMED.**

**WILLIAMS, C.J., HEWITT, J., and VERDIN, A.J., concur.**