**THOMPSON, Plaintiff-Appellee, v. LOWMAN, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

Nos. 310, 311. Decided October 29, 1958.

Marie A. Joniec, Canton, for plaintiff-appellee.

Hamilton & Kramer, By Lee H. Kramer, Donald M. Hamilton, Jr., of Counsel, Columbus, for defendant-appellant.

**OPINION**

By WISEMAN, J:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Fayette County, overruling motion of defendant-appellant to vacate and set aside the default judgment theretofore entered in said cause and in overruling defendant's motion for leave to file an answer.

At the time of the filing of the default judgment, the defendant was in military service. The defendant failed to file an answer or other pleading, until notified that a default judgment had been taken and that the matter was set for hearing for the purpose of assessing damages. Subsequently, the defendant filed a motion to vacate the default judgment and for leave to file an answer, on the ground that no affidavit had been filed as directed by the provisions of the Soldiers and Sailors Civil Relief Act of 1940, Title 50, U. S. C. A. Appendix, Section 520, Sub-section 1. In support of the motion defendant filed an affidavit stating that he was in military service at the time of the rendering of the default judgment, and "further that he had no opportunity to obtain counsel to represent him in said proceedings." The court expressed a willingness to continue the matter to give the defendant an opportunity to testify concerning his inability to obtain counsel, and to what extent the defendant was prejudiced by reason of military service in making his defense. Counsel for the defendant stated that no continuance was necessary; that a hearing would only produce a repetition of that information which was already before the court.

From an order overruling the motion to vacate and for leave to plead, defendant appeals. This action of the trial court is assigned as the sole ground of error.

The defendant contends that the failure to file a military affidavit rendered the judgment void; whereas the plaintiff contends that the judgment is valid but subject to be vacated under certain conditions.

The controlling provisions of the Soldiers and Sailors Civil Relief Act of 1940, Title 50, U. S. C. A., Appendix, Section 520, Sub-Sections 1 and 4, are as follows:

"(1) In any action or proceeding .commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plain-

tiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act (sections 501-548 and 560-590 of this Appendix).

* * * * *

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend, provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act (said sections) shall not impair any right or title acquired by any bona fide purchaser for value under such judgment. Oct. 17, 1940, c. 888, Sec. 200, 54 Stat. 1180."

It will be observed that the filing of the military affidavit is not made a jurisdictional matter. The Act authorizes entry of judgment notwithstanding the absence of the affidavit when an order of court directing such entry has been secured. The failure to file such affidavit does not affect the judgment, and is only an irregularity. Snapp v. Scott, 167 P. 2d., 870 (Okla.); State, ex rel. Smith v. District Court, 179 P., 831, 834 (Mont.), Sub-section 4 prescribes the procedure to be followed in vacating a judgment. The judgment, upon application of the defendant, may be vacated when it is made to appear; (1) that the defendant was prejudiced by reason of his military service in making his defense; and (2) that the defendant has a meritorious or legal defense to the action.

When the judgment is rendered without filing the requisite affidavit, the courts have uniformly ruled that the judgment is not void, but only voidable, subject to being vacated at the instance of the service man, but only upon proper showing that he has been prejudiced by reason of his military service in making defense. Wilterdink v. Wilterdink, 184 P. 2d, 527, 531, 532; Hynds et al. v. City of Ada, ex rel. Mitchell, et al., 158 P. 2d., 907 (Okla.); Lyle v. Haskings, 168 P. 2d., 797 (Wash.); Bell v,

**216**

Niven, 35 S. E., 2d., 182 (N. C.); Morris Plan Bank of Georgia v. Hadsall, 41 S. E. 2d., 881 (Ga.); Lightner et al v. Boone, 45 S. E. 2d., 261, 228 N. C., 199. And further the defendant must make a proper showing of a meritorious or legal defense to the action. Bell v. Niven and Lightner v. Boone, supra. In the instant case the defendant failed to show that he was prejudiced by reason of his military service in making defense.

Furthermore, we question the sufficiency of the proffered answer which was in the nature of a general denial. In such case special facts showing a meritorious defense should be pleaded. See **Vol. 32, O. Júr. 2d., Sec. 638, page 320** (cases cited). The burden of proof is on the person who seeks to vacate the judgment. Wilterdink v. Wilterdink, supra, at page 531.

The defendant failed to make a proper showing for vacating the judgment. The trial court properly overruled defendant's motion.

Judgment affirmed.

HORNBECK, PJ, CRAWFORD, J, concur.