24207

CAMERON & BARKLEY COMPANY, Appellant v. SOUTH CAROLINA PROCUREMENT REVIEW PANEL; Medical University of South Carolina; The Budget and Control Board, Division of General Services, Materials Management Office; and Industrial Sales Co., Inc., Respondents.

(454 S.E (2d) 892)

Supreme Court

---

*Palmer Freeman, Jr., Robert Y. Knowlton* and *Deborah P. Morgan, Sinkler & Boyd, P.A.,* Columbia, *for appellant.*

*Suann K. White,* Columbia, *for respondent S.C. Procurement Review Panel.*

*Joseph C. Good, Jr.,* Charleston, *for respondent Medical University of South Carolina.*

*James W. Rion,* Columbia, *for respondent Budget and Control Bd.*

*Arnold S. Goodstein* and *Mary Ann Marwick, Goodstein & Goodstein,* Summerville, and *Lawrence E. Richter, Jr.,* Mt. Pleasant, *for respondent Industrial Sales Co., Inc.*

Heard Dec. 7, 1994.

Decided Feb 24, 1995.

MOORE, Justice:

This appeal is from an order of the circuit court affirming the decision of respondent South Carolina Procurement Re-

view Panel (Panel) awarding a contract to respondent Industrial Sales Company (Industrial). We reverse.

## FACTS

In December 1992, respondent Materials Management Office of the Division of General Services (Agency) issued a Request for Proposals (RFP) pursuant to S.C. Code Ann. § 11-35-1530 (1986)[1] inviting proposals for a contract to supply maintenance and repair equipment to the Medical University of South Carolina. The cost section of the RFP included a "market basket" list requiring an offeror to provide prices for each item on a sample list of products. After a meeting with prospective offerors, Agency amended the RFP by issuing Amendment #001. Amendment #001 duplicated some of the items in the market basket and added new items.

Both appellant (CamBar) and Industrial submitted proposals. Industrial consolidated the market basket items from the original RFP and Amendment #001 and submitted one total for the cost section. CamBar, on the other hand, submitted two proposals for the cost section: one listing all the items in the original RFP and one listing all the items in Amendment # 001. CamBar totalled each list separately even though some of the items in the original RFP market basket were duplicated in Amendment #001.

When the proposals were submitted to Agency, an Agency employee, Homer Price, checked that each market basket item was priced and the totals were correct. In checking CamBar's proposal, Price realized CamBar's submission of two totals (one for the original RFP and one for Amendment #001) was misleading since Amendment #001 duplicated some of the same items originally listed in the RFP. Price then modified the pages of CamBar's proposal by deleting the pages from the original RFP that were duplicated by Amendment #001, thus creating a consolidated market basket price list which included all the items required to be priced. Price altered none of the entries on the pages of CamBar's proposal and did not fill in a total for the market basket price list on his worked up version of CamBar's proposal.

Price evaluated the cost section of each proposal by apply-

---

[1] This section was amended after issuance of the RFP in this case.

ing a mathematical formula. Industrial scored 50 points because it submitted the lowest total cost and CamBar scored 48.65. Price then forwarded the proposals to evaluators at the Medical University to evaluate subjective requirements of the proposals. CamBar's proposal was given the best evaluation overall. On March 12, 1993, Agency issued its notice of intent to award the contract to CamBar.

Industrial filed a protest and sought a hearing with the Chief Procurement Officer (CPO) pursuant to S.C. Code Ann. § 11-35-4210(*l*) (1986).[2] It raised three issues to the CPO: (1) CamBar's proposal failed to conform to the RFP because it did not specify subcontracting arrangements; (2) the evaluator did not give adequate consideration to the cost of each proposal; (3) Industrial was the more qualified offeror. The CPO's decision addressed the three issues raised by Industrial and found its protest without merit.

Industrial then sought review from the Panel pursuant to § 11-35-4210(5). During the examination of witnesses before the Panel, it was discovered for the first time that the CamBar proposal previously disclosed to Industrial and reviewed by the CPO was, in fact, the version worked up by Price and not the actual document submitted by CamBar. The Panel subsequently issued its decision finding CamBar's proposal was not responsive to the RFP because the proposal included two separate totals, one for the original RFP and one for Amendment #001, instead of a consolidated market basket list with one total. The Panel then awarded the contract to Industrial. On appeal, the circuit court affirmed. CamBar appeals.

### ISSUE
Whether CamBar's due process rights were violated.

### DISCUSSION
CamBar contends its due process rights were violated because it had no notice the Panel would be considering the issue upon which it reversed the decision of the CPO. We agree.

Procedural due process requires notice and the opportunity to be heard. *See Tall Tower, Inc. v. S.C. Procurement Review Panel*, 294 S.C. 225, 363 S.E. (2d) 683

---

[2] This section was amended after issuance of the RFP in this case.

(1987). Cambar had no notice the Panel would consider the issue of the two totals on its proposal since Industrial did not assert this ground for review by the Panel nor did Industrial move to amend its request for review at the hearing when the discrepancy in the documents was discovered. Further, the Panel ruled throughout the hearing it would consider only those issues ruled on by the CPO. The Panel specifically ruled the proposal submitted by CamBar containing the two totals would be received into evidence solely for the purpose of determining the credibility of Price as a witness. Consequently, CamBar presented no witnesses and made no argument to the Panel to defend the validity of its proposal despite the two totals.

We find CamBar was prejudiced by the lack of notice and hold the Panel's consideration of this issue without notice to CamBar violated CamBar's right to due process. *See Tall Tower, supra* (substantial prejudice required to establish due process claim). Accordingly, the order of the circuit court is reversed and CPO's award to CamBar is reinstated.

Reversed.

CHANDLER, C.J., FINNEY and WALLER, JJ., and M.D. SHULER, Acting Associate Justice, concur.