OPINION
Defendant, W. Gregory Thompson, aka Gregory Thompson, appeals from a default judgment against him in the amount of $14,545.58 that the court of common pleas entered in favor of Plaintiff, MNF Bank BV of the Netherlands ("the Bank") on its complaint.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ISSUING A DEFAULT JUDGMENT WHERE THE PLAINTIFF FAILED TO FILE A MILITARY AFFIDAVIT AGAINST AN ALLEGED DEBTOR WHO WAS ON ACTIVE MILITARY SERVICE.
The Bank filed its complaint on November 12, 1998. The complaint alleged that Thompson owed the Bank $14,547.58. The complaint was served on Thompson by certified mail on November 24, 1998.
Thompson failed to plead or otherwise respond. The Bank moved for a default judgment on January 20, 1999. The motion did not contain the form of affidavit that 50 U.S.C. § 520, The Solders and Sailors Relief Act prescribes.
50 U.S.C. § 520, states, inter alia:
 (1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service . . . If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court on application shall make such an appointment.
* * *
 (4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may . . . not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof . . .
Failure to comply with the provisions of The Soldiers and Sailors Relief Act does not render a default judgment void, but voidable only. Thompson v. Thompson (1958), 108 Ohio App. 453. In order to obtain that determination on appeal, and a consequent reversal, an appellant must demonstrate some error on the trial court's part in failing to grant the relief that The Soldiers and Sailors Relief Act offers.
Division (2) of 50 U.S.C. § 520, quoted above, operates to continue the jurisdiction of a court to "reopen" a default judgment that it rendered against a person in the military services during the person's term of military service or within thirty days after its termination. The court's jurisdiction continues while the person remains in the military service and for ninety days after his or her discharge from active service. Upon a proper motion filed during that time, the court may vacate or modify the default judgment upon a showing that the procedures in Division (1) were not followed and that "the defendant has a meritorious or legal defense to the action or some part thereof. . ."
Ordinarily, a court lacks jurisdiction to modify or vacate its own prior, final judgments or orders, absent the grounds for relief that Civ.R. 60(B) offers. Those grounds are not concerned with the merits of the judgment itself. In contrast, 50 U.S.C. Section 520 permits a collateral attack on the merits of the judgment, at least to the extent that the court failed to comply with Division (1) of the Act. The Act preserves the court's jurisdiction for that purpose.
Subsequent to filing his notice of appeal to this court, Thompson filed a Civ.R.60(B) motion in the trial court, asking it to vacate the default judgment rendered in favor of the Bank. An affidavit by Thompson was attached to his motion. In his affidavit, Thompson states that he was discharged from military service on February 9, 1999.
The trial court treated Thompson's motion to vacate as a motion filed pursuant to Division (2) of 50 U.S.C. § 520, rather than pursuant to Civ.R. 60(B). The court denied the motion because Thompson's military service had terminated more than thirty days before the default judgment was entered.
We find no error in the trial court's ruling. The relief that 50 U.S.C. § 520 offers applies to default judgments entered during a defendant's military service or within thirty days after that service terminates. Thompson's service terminated on February 9, 1999, per his affidavit. The default judgment was entered on March 23, 1999, forty-four days later. Therefore, and notwithstanding the fact that Thompson's motion was filed within ninety days after his service had terminated, as the Act requires, the relief that the Act offers cannot apply to the default judgment that Thompson's motion attacked.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE COMPLAINT NAMES W. GREGORY THOMPSON AS THE DEFENDANT AND THE DEFENDANT IN THIS CASE HAS NEVER BEEN KNOWN BY THE NAME AND ACCORDINGLY THE JUDGMENT SHOULD BE VACATED.
The caption of the complaint that the Bank filed identified the Defendant by name as W. Gregory Thompson. He complains that he is known as Gregory Thompson, and has never been known as W. Gregory Thompson.
Civ.R. 10(A) provides, inter alia: "In the complaint the title of the action shall include the names and addresses of all the parties." Pursuant to Civ.R.4(A), the clerk must serve a summons on each defendant listed in the caption. The summons notifies the defendant served of the terms and conditions under which he may appear and defend, and of the consequence of his failure to do so. Civ.R.4(B). If any pleading, including the complaint, is so vague or ambiguous that a defendant who is served cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement pursuant to Civ.R. 12(E).
It is most improbable that the mistake in his name that Thompson alleges impaired his capacity to frame a responsive pleading, and he does not claim that it did. Even so, he waived the defect by failing to move for a more definite statement of his name. That waiver is not overcome by his failure to file a pleading responsive to the complaint.
The second assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal is taken.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Thomas B. Talbot, Jr., Esq.
Scott A. Liberman, Esq.
Hon. Dennis J. Langer