526 S.E.2d 241

**Tara Leigh Newton MURDOCK, Respondent,**

v.

**Lawrence LaMonte MURDOCK, Appellant.**

**No. 3095.**

Court of Appeals of South Carolina.

Submitted Dec. 7, 1999.

Decided Dec. 20, 1999.

Ann M. Stirling, of Stirling & O'Connell, of Charleston, for Appellant.

Catherine D. Badgett, of Ridgeland, for Respondent.

ANDERSON, Judge:

In this domestic case, Lawrence LaMonte Murdock (the husband) appeals from an order of the family court allocating certain marital debts and finding him in contempt for failing to pay child support, alleging the order was entered in violation of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C.A. §§ 501–591 (West 1990). We vacate and remand.[1]

---

1. Because oral argument would not aid the Court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS/PROCEDURAL BACKGROUND

The husband and Tara Leigh Newton Murdock (the wife) were married on April 15, 1993 and divorced by order of the family court dated January 28, 1997. In the divorce decree, the family court expressly noted the husband is a member of the United States Marine Corps and, at the time of the divorce hearing, was stationed outside of the continental United States in Okinawa, Japan. The court further noted the husband was entitled to the protections afforded by the Soldiers' and Sailors' Civil Relief Act, but had waived those protections. In connection with making an award of equitable distribution, the court noted the parties had acquired certain credit card debts and listed the balances due on those accounts. The court did not, however, allocate the marital debt; rather, the court ordered the parties to agree upon payment of the debts "by subsequent consent order within 45 days" of the date of the order. The decree fully disposed of other issues bearing on the divorce, including child custody, child support, and attorneys' fees.

The parties entered into settlement negotiations regarding allocation of the marital debt, but were unable to reach an agreement. By way of motion, the wife requested a hearing on the issue of debt allocation. The court scheduled a hearing on the wife's motion for April 22, 1998. On April 14, 1998, the husband's attorney filed a motion to be relieved as counsel. At the April 22, 1998 hearing, the family court considered and granted the motion to be relieved as counsel. Due to the husband's lack of counsel, the court continued the hearing. In its order, the court stressed to the husband that "if [he] intends to have counsel present he must do so at the next hearing." The order is dated June 8, 1998, the date of the hearing which ultimately gave rise to this appeal. The order did not set forth a date for a subsequent hearing on debt allocation.

On May 25, 1998, while in the United States, the husband was personally served with a notice of hearing set for June 8, 1998. Attached to the notice of hearing was a petition for a rule to show cause and supporting affidavit regarding the husband's alleged failure to make child support payments. Neither the notice of hearing, the rule to show cause, nor the

supporting affidavit mentioned debt allocation as an issue to be addressed at the hearing. Moreover, none of these pleadings informed the court of the husband's position in the military.

Prior to the scheduled date of the hearing, the husband was required to report to his duty station in Japan. On June 4, 1998, the husband faxed to the family court a letter and attachments informing the court of his circumstances and whereabouts. The husband also denied he had accumulated a child support arrearage.

The family court held the hearing on June 8, 1998. The husband did not appear, nor did anyone appear on his behalf. As to the materials the husband faxed to the court on June 4, 1998, the judge noted only that the court had been "advised that [the husband] had contacted someone in the clerk of court's office within the past week and indicated to them that he was not going to appear." The court did not make oral notation of the husband's status in the military, nor did the wife attempt to inform the court of the husband's military status.

At the hearing, the wife's attorney announced to the court that the issue of debt allocation, as well as child support, was before the court for review. The court made no inquiry as to whether the husband had been properly notified that debt allocation would be considered at the hearing. The wife testified as to amount of outstanding marital debt, her efforts to reduce the debts, and the husband's alleged accumulation of a child support arrearage.

By amended order dated August 30, 1998, the family court found the husband in contempt for failing to make child support payments, determined an arrearage of $454.54, and sentenced him to 45 days incarceration suspended upon payment of the arrearage. In addition, the court ordered the husband to pay marital debt in the amount of $14,069.87 and $950.00 towards the wife's attorney fees.

## ISSUES

I. Did the family court err in entering judgment against the husband in violation of the Soldiers' and Sailors' Civil Relief Act of 1940?

II. Did the husband waive the protection of the Soldiers' and Sailors' Civil Relief Act?

III. Did the family court err in hearing argument and entering judgment on the allocation of marital debt in violation of the husband's right to receive proper notice and due process?

## STANDARD OF REVIEW

In domestic matters, the Court of Appeals has jurisdiction to find the facts in accordance with its view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 414 S.E.2d 157 (1992). This, however, does not require this Court to disregard the findings of the family court. *Stevenson v. Stevenson,* 276 S.C. 475, 279 S.E.2d 616 (1981); *Calhoun v. Calhoun,* 331 S.C. 157, 501 S.E.2d 735 (Ct.App.1998). Neither is this Court required to ignore the fact that the family court judge, who saw and heard the witnesses, was in a better position to evaluate their testimony. *Cherry v. Thomasson,* 276 S.C. 524, 280 S.E.2d 541 (1981).

## LAW/ANALYSIS

### I. Soldiers' and Sailors' Civil Relief Act of 1940

On appeal, the husband asserts the wife obtained the August 30, 1998 order without proceeding in accordance with the requirements of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C.A. § 520 (West 1990) and, because he was denied the protections afforded under the Act, the order should therefore be vacated and a new trial ordered. We agree.

Section 520 of the Soldiers' and Sailors' Civil Relief Act provides:

**Default judgments; affidavits; bonds; attorneys for persons in service**

(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment *shall* file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth

either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, *no judgment shall be entered* without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act (sections 501 to 593 of this Appendix). Whenever, under the laws applicable with respect to any court, facts may be evidenced, established, or proved by an unsworn statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury, the filing of such an unsworn statement, declaration, verification, or certificate shall satisfy the requirement of this subsection that facts be established by affidavit.

. . .

(3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act (sections 501 to 593 of this Appendix), to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.

(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within

thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act (said sections), shall not impair any right or title acquired by any bona fide purchaser for value under such judgment.

(Emphasis added.)

"The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). The purpose of section 520 is to prevent plaintiffs from obtaining default judgments against military personnel during times when circumstances prevent the service person from appearing in the action and defending themselves. *Cloyd v. Cloyd*, 564 S.W.2d 337 (Mo.App.1978); *Vara v. Vara*, 171 N.E.2d 384 (Ohio Com.Pl.1961).

The husband was not afforded the protections due him under the Soldiers' and Sailors' Civil Relief Act. Pursuant to section 520(1) of the Act, the wife had an *affirmative duty*, in the husband's absence, to provide the court with an affidavit (1) setting forth facts showing the husband was not in the military; or (2) either setting forth that the husband was in the military or alleging she was unable to ascertain whether or not he was in the military. It is uncontested the wife did not provide the court with an affidavit in compliance with 520(1). In further violation of section 520(1), the court issued its order without first appointing counsel to protect the husband's interests.

The husband faxed a letter and documentation of his payments to the judge. The letter reads:

On June 8, 1998 at 2:00 p.m., I am scheduled to appear in court pertaining to case number 97–DR–27–195. First of

all, I would like to apologize for not being able to appear in court before you. The reason why I cannot appear in court is because I was not given enough time to come back to South Carolina for the hearing. I was served notice for this court date on 25 May 1998 at 1400, the day prior to me leaving for Japan to report to my new duty station.... Presently I do not have an attorney and it would be difficult to obtain one at the last minute especially from Japan. I hope that this letter and all my documentation will be enough information to represent my not being there.

The letter has as his return address:

Lawrence L. Murdock
PSC 80 Box 12797
APO AP 96367–2729

From this letter it is obvious he is in the military. He has a military APO number for his address, and he explains he is reporting to a new duty station in Japan. The fax cover sheet is from the Department of Defense. However, the court failed to acknowledge this before or during the hearing. The court merely states:

Defendant is not present nor is anyone here on his behalf. The court has been advised that Mr. Murdock had contacted someone in the Clerk of Court's office within the past week and indicated to them that he was not going to appear.

For the clerk or the judge to fail to acknowledge that the husband was in the military and his reason for not appearing was because he was stationed in Japan is disconcerting. The letter was faxed to the family court judge for Jasper County. If the judge was aware of the letter, he should have referenced the husband's military service. If he was unaware, then someone in the clerk's office should have made him aware of more than the fact the husband will not appear.

Here, no appearance was made by the husband. Further, the husband did not hire or otherwise obtain an attorney to represent him or appear for him at the hearing. The judgment was, in fact, a default judgment. Consequently, all the protections afforded the husband under section 520 of the Act remain available to him.

■ The provisions of section 520(1) are ***mandatory*** such that the court was without authority to render judgment absent conformity with the provisions. *See In re Realty Associates Securities Corp.,* 53 F.Supp. 1015 (D.C.N.Y.1944); *United States v. Simmons,* 508 F.Supp. 552 (D.C.Tenn.1980). The wife's failure to comply with the mandatory provisions of section 520(1) related to the filing of an affidavit, coupled with the court's failure to appoint an attorney for the husband, amounts to an impermissible denial of the husband's rights under the Soldiers' and Sailors' Civil Relief Act. The Soldiers' and Sailors' Civil Relief Act was enacted to avoid cases such as this, where the ability of a member of the armed services to defend against a civil action is compromised by his military duties, and the provisions of the Act are to be liberally construed toward this end. *See* 50 App. U.S.C.A. § 501 (West 1990); *Omega Industries, Inc. v. Raffaele,* 894 F.Supp. 1425 (D.Nev.1995) (Civil Relief Act was intended to be liberally construed, and applied in a broad spirit of gratitude towards service personnel.).

■ This error, however, does not necessarily require reversal. *See Thompson v. Lowman,* 108 Ohio App. 453, 155 N.E.2d 258 (1958). Where a default judgment is rendered without filing the requisite affidavit regarding military status, judgment is voidable and subject to being vacated upon application of the serviceman, but only upon proper showing that the serviceman has been prejudiced by reason of his military service in making his defense and that he has a meritorious or legal defense to the action. *Id.* Here, the husband established the existence of a meritorious defense, that being timely payment of his child support obligation.

■ The burden of proving that the rights of a person are materially affected by his absence in the military service is on the one claiming prejudice. *Thompson v. Anderson,* 208 S.C. 208, 228, 37 S.E.2d 581, 589 (1946). There is no question but that the husband's ability to present this defense was prejudiced due to his deployment to Japan prior to the date of the hearing. Coupled with his meritorious defense, Husband was materially affected.

## II. Waiver of Husband's Rights Under the Soldiers' and Sailors' Civil Relief Act

The wife maintains the husband should be deemed to have waived his right to the protections afforded him under the Soldiers' and Sailors' Civil Relief Act because he waived those rights in the divorce action. We disagree.

Waiver is a voluntary and intentional abandonment or relinquishment of a known right. *See Parker v. Parker*, 313 S.C. 482, 443 S.E.2d 388 (1994); *Janasik v. Fairway Oaks Villas Horizontal Property Regime*, 307 S.C. 339, 415 S.E.2d 384 (1992). "Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended." *Janasik*, 307 S.C. at 344, 415 S.E.2d at 387–88. *See also, Heritage Federal Sav. and Loan v. Eagle Lake and Golf Condominiums*, 318 S.C. 535, 458 S.E.2d 561 (Ct.App. 1995).

The rule to show cause, while arising out of the requirements of the divorce decree was a separate action. The husband could not have foreseen this action when he waived his rights in order to receive a divorce. He did not have knowledge of all pertinent facts related to the rule to show cause when he waived his rights to receive a divorce. There is no evidence of a *voluntary* and *intentional* relinquishment of his right to be protected by the Soldiers' and Sailors' Civil Relief Act after he received the divorce from his wife. Nothing in the divorce decree or the record on appeal convinces us the husband waived his rights under the Soldiers' and Sailors' Civil Relief Act for any purpose other than obtaining an order of divorce.

## III. Lack of Notice and Violation of Due Process

The husband avers, insofar as the order addressed the allocation of marital debt, it was obtained without the husband having proper notice of the scope of the hearing. We agree.

Procedural due process requires that a litigant be placed on notice of the issues which the court is to consider. *Cameron & Barkley Co. v. South Carolina Procurement*

*Review Panel,* 317 S.C. 437, 454 S.E.2d 892 (1995); *Abbott v. Gore,* 304 S.C. 116, 403 S.E.2d 154 (Ct.App.1991). The family court is limited by the scope of due process, and the rule that family court pleadings are to be liberally construed may not be stretched so as to permit the judge to award relief not contemplated by the pleadings. *Id.; Henry v. Henry,* 296 S.C. 285, 372 S.E.2d 104 (Ct.App.1988). *See also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)(The Due Process Clause demands "notice reasonably calculated under all circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections."). In *Webster v. Clanton,* 259 S.C. 387, 391, 192 S.E.2d 214, 216 (1972), the Supreme Court held:

It is a fundamental doctrine of the law that a party whose personal rights are to be affected by a personal judgment must have a day in court, or opportunity to be heard, and that without due notice and opportunity to be heard a court has no jurisdiction to adjudicate such personal rights. A judgment by a court without jurisdiction of both the parties and the subject matter is a nullity and must be so treated by the courts whenever and for whatever purpose it is presented and relied on.

Here, the husband received no notice he would be required to address the issue of debt allocation at the hearing on the rule to show cause. As noted above, neither the notice of hearing, the petition for the rule to show cause, nor the supporting affidavit made any mention of debt allocation as an issue to be addressed. Failing any mention of the issue of debt allocation in the relevant pleadings, the family court acted outside the scope of due process in ostensibly adjudicating the issue at the June 8, 1998 hearing.

## *CONCLUSION*

We hold the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C.A. § 520 (West 1990) are *mandatory,* and the failure of a party or the court to comply, renders any judgment voidable. The husband demonstrated he was prejudiced by the lack of protection afforded him under the Act. We rule the husband did not waive his rights

to the protection of the Soldiers' and Sailors' Civil Relief Act for any purpose other than obtaining the divorce. We conclude the husband was not provided notice of the issue of debt allocation in accordance with the requirements of due process. For the foregoing reasons, the decision of the family court is vacated and the case remanded for a new trial.

**VACATED AND REMANDED.**

CONNOR and STILWELL, JJ., concur.