THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Linda Lockard, Respondent,
v.
Spencer Lockard, Appellant.
 
 
 

Appeal From Dorchester County
William J. Wylie, Jr., Family Court 
 Judge

Opinion No. 2004-UP-475
Heard September 14, 2004  Filed 
 September 16, 2004

AFFIRMED

 
 
 
Robert N. Rosen, of Charleston, for Appellant.
John Loy, of Summerville, for Respondent.
 
 
 

PER CURIAM:  In this domestic relations 
 matter, Spencer Lockard (Husband) contends the family court erred in (1) failing 
 to award joint custody of the two children; (2) granting inadequate visitation 
 to Husband; and (3) awarding attorneys fees to Linda Lockard (Wife).  We affirm.
FACTS
Husbands marriage to Wife lasted about thirteen 
 years, during which time the couple produced two sons: Spencer Lee Lockard, 
 II, born April 15, 1990, and Bradford Parks Lockard, born July 6, 1993.  Throughout 
 the childrens younger years, Wife stayed at home and acted as their primary 
 caretaker while Husband worked.  As the children grew, Husbands lifelong anger 
 problems and belief in strict discipline began to undermine the parties marriage.  
 Though the couple sought to repair their broken relationship through marriage 
 counseling, the effort ultimately proved fruitless.
As a consequence of the ongoing problems, Wife 
 filed for divorce on April 11, 2001, seeking custody of the parties two minor 
 children.  Husband filed an answer and counterclaim requesting sole custody 
 of the children, or in the alternative, joint custody.  Prior to a final hearing 
 on the merits, the family court entered a temporary order awarding Husband and 
 Wife joint physical custody of the children, with custody alternating every 
 two weeks in the marital home.
During the final hearing before the family court, 
 testimony was presented as to several occasions when Husband lost control of 
 his anger, acting aggressively toward Wife and others.  Although Husband admitted 
 he had problems with his temper, he elicited testimony from other witnesses 
 to show the temporary joint custody arrangement had been a boon to the childrens 
 maturation and well-being.  By final order and decree of divorce entered September 
 13, 2002, the family court awarded Wife custody of the children and granted 
 Husband standard visitation with restrictions.  The court also awarded Wife 
 $10,000 in attorneys fees.  This appeal follows.
LAW/ANALYSIS
I.  Custody
Husband contends the family court erred by failing 
 to award the Husband and Wife 50/50 joint physical custody of the children.  
 We disagree.
On appeal from the family court, this court has 
 jurisdiction to find the facts in accordance with our own view of the preponderance 
 of the evidence. Murdock v. Murdock, 338 S.C. 322, 328, 526 S.E.2d 241, 
 244-45 (Ct. App. 1999).  This tribunal, however, is not required to disregard 
 the family courts findings.  Badeaux v. Davis, 337 S.C. 195, 202, 522 
 S.E.2d 835, 838 (Ct. App. 1999).  Likewise, we are not obligated to ignore the 
 fact the family court judge, who saw and heard the witnesses, was in a better 
 position to evaluate their testimony.  Bowers v. Bowers, 349 S.C. 85, 
 91, 561 S.E.2d 610, 613 (Ct. App. 2002).  Because this court is not afforded 
 the opportunity for direct observation of the witnesses, we must accord great 
 deference to the trial courts findings where matters of credibility are involved.  
 Pountain v. Pountain, 332 S.C. 130, 135, 503 S.E.2d 757, 760-61 (Ct. 
 App. 1998).  This is especially true in cases involving the welfare and best 
 interests of children.  Id. at 135, 503 S.E.2d at 761.
In child custody controversies, the welfare and 
 best interests of the children are the primary, paramount, and controlling considerations 
 of the court.  Cook v. Cobb, 271 S.C. 136, 140, 245 S.E.2d 612, 614 (1978).  
 The family court must consider the character, fitness, attitude, and inclinations 
 on the part of each parent as they impact the child.  Pountain, 332 S.C. 
 at 136, 503 S.E.2d at 760.  Moreover, in reaching a determination as to custody, 
 the family court should consider how the custody decision will impact all areas 
 of the childs life, including physical, psychological, spiritual, educational, 
 familial, emotional, and recreational aspects.  Kisling v. Allison, 343 
 S.C. 674, 678-79, 541 S.E.2d 273, 275 (Ct. App. 2001).  Indeed, in making custody 
 decisions, the totality of circumstances peculiar to each case constitutes 
 the only scale upon which the ultimate decision can be weighed.  Davenport 
 v. Davenport, 265 S.C. 524, 527, 220 S.E.2d 228, 230 (1975).
In view of the totality of the circumstances that 
 must be considered, we remain mindful that joint custody should only be ordered 
 under exceptional circumstances.  See Scott v. Scott, 354 S.C. 
 118, 125, 579 S.E.2d 620, 623 (2003) (stating that divided custody is usually 
 harmful to and not conducive to the best interest and welfare of the children).  
 Given our courts well-considered reluctance toward awarding joint custody, 
 we find the family court did not err in declining to award joint custody in 
 the case at bar.  Indeed, the family courts decision finds ample support in 
 the record.  Husbands frequent outbursts of anger and repeated efforts to minimize 
 Wifes relationship with the children provide ample reasons for declining to 
 award such a heavily disfavored form of custody.
II.  Visitation
In the alternative, Husband asserts the family 
 court erred in awarding Husband less than standard visitation.  We disagree.
When awarding visitation, the controlling 
 consideration is the welfare and best interest of the child.  Woodall v. 
 Woodall, 322 S.C. 7, 12, 471 S.E.2d 154, 158 (1996).  As with child custody, 
 the issue of child visitation falls within the discretion of the trial judge, 
 and his findings will not be disturbed on appeal absent an abuse of discretion.  
 Id.  The original Final Order and Decree of Divorce issued by the family 
 court awarded Husband two weeks of summer visitation.  However, the Final Order 
 and Decree of Divorce was supplemented and amended in an order dated November 
 12, 2002, providing:
Visitation shall be amended to include:

 
 
 
 a. 
 Two (2) additional weeks of summer visitation, 
 for a total of four (4) weeks summer visitation for the Father.
 
 
 b.   
 Weekday visitation during the off week for the Father.
 
 
 c.   
 Visitation on each childs birthday.
 
 
 d.   
 Telephone visitation for
 either parent, without interference.
 
 
 

The record reveals nothing indicating the family 
 court strayed beyond its discretionary authority in awarding Husband four weeks 
 of summer visitation.
III.  Attorneys Fees
Husband maintains that, if he is successful on the 
 joint custody issue, he should not have to pay Wife $10,000 in attorneys fees.  
 We affirmed the family courts determination regarding custody.  Thus, Husband 
 did not prevail on the custody issue.  Alternatively, Husband asserts that the 
 family court abused its discretion in awarding Wife $10,000 in attorneys fees.
An award of attorneys fees will not be overturned 
 absent an abuse of discretion.  Stevenson v. Stevenson, 295 S.C. 412, 
 415, 368 S.E.2d 901, 903 (1988).  Before awarding attorneys fees, the family 
 court should consider: (1) each partys ability to pay his or her own fee; (2) 
 the beneficial results obtained by the attorney; (3) the parties respective 
 financial conditions; and (4) the effect of the attorneys fee on each partys 
 standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 
 812, 816 (1992); Heins v. Heins, 344 S.C. 146, 160, 543 S.E.2d 224, 231 
 (Ct. App. 2001).  In determining the amount of attorneys fees to award, the 
 court should consider: (1) the nature, extent, and difficulty of the services 
 rendered; (2) the time necessarily devoted to the case; (3) counsels professional 
 standing; (4) the contingency of compensation; (5) the beneficial results obtained; 
 and (6) the customary legal fees for similar services.  Glasscock v. Glasscock, 
 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991); Shirley v. Shirley, 342 
 S.C. 324, 341, 536 S.E.2d 427, 436 (Ct. App. 2000).
Having reviewed the award of attorneys fees 
 in light of the applicable factors, we find no abuse of discretion in the award.
CONCLUSION
Accordingly, the order of the family court is
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS, JJ., 
 concur.