FACTS

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
William Barry Chisholm,       
Respondent,
 
 
 

v.

 
 
 
Susan Elaine Chisholm,       
Appellant.
 
 
 

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge

Unpublished Opinion No. 2005-UP-322
Submitted May 1, 2005  Filed May 13, 2005

AFFIRMED

 
 
 
Kenneth C. Porter, of Greenville, for Appellant.
William B. Chisholm, of Greenville, Pro Se Respondent.
 
 
 

PER CURIAM:  Susan Chisholm appeals a family court order reversing a previous order, which required that William Chisholms child support payments be paid through the court.  We affirm.[1]
FACTS
William and Susan Chisholm were divorced by order of Judge R. Kinard Johnson, Jr., dated April 4, 2003.  William was ordered to make child support payments in the amount of $173.54 per week.  The order also stated, In the event the Father is late by more than three (3) days, then upon Affidavit of Mother, all future payments shall be made through the Family Court with the imposition of 5% court costs.  On October 28, 2003, Susan swore out an affidavit stating William had failed to pay child support as ordered and had been late by more than three days.  She then requested all future payments be made through the family court.  The next day, Susans attorney sent a letter to Williams attorney complaining that William had not paid child support due on October 17, 2003 and that he had deducted $32.81 from the child support payment due on October 24, 2003.  The letter further specified that counsel would proceed with a contempt action on the delinquent payment and improper deduction if they were not paid within five days.  It is uncontested that William then paid the amount of the deduction and another complete child support payment.  However, William contends he had previously attempted to pay the October 17, 2003 payment by delivering a check to Susans residence.  
On October 30, 2003, based solely upon the affidavit, Judge Robert Jenkins ordered child support payments be made through the family court.  However, after hearing a motion for relief pursuant to Rule 60, SCRCP, the court reversed.  On January 13, 2004, the court found it was neither necessary nor equitable to require payment be made through the family court.  Judge Jenkins determined that either the payment was not late, or else it was excusable.  Therefore, he set aside his own order of October 30, 2003.  Susan appeals.
STANDARD OF REVIEW
In appeals from the family court, we may find facts in accordance with our own view of the preponderance of the evidence.  Emery v. Smith, 361 S.C. 207, 213, 603 S.E.2d 598, 601 (Ct. App. 2004).  However, this broad scope of review does not require us to disregard the family courts findings.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002); Badeaux v. Davis, 337 S.C. 195, 202, 522 S.E.2d 835, 838 (Ct. App. 1999). Nor must a reviewing court ignore the fact the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Murdock v. Murdock, 338 S.C. 322, 328, 526 S.E.2d 241, 245 (Ct. App. 1999).
LAW AND DISCUSSION
Susan argues the family court erred by vacating the order requiring payment through the family court and by failing to award attorney fees.  We disagree.
Susan points to language in the divorce decree that clearly and unambiguously states if William is late in child support payments by more than three days, upon motion of Susan, all future payments must be made through the family court.  She argues Judge Jenkins actions impermissibly modified this language in violation of the long standing rule that one judge may not overrule another judge of the same court.  See Charleston County Dept of Soc. Servs. v. Father, 317 S.C. 283, 288, 454 S.E.2d 307, 310 (1995).  
Initially, we note that Judge Jenkins did not overrule Judge Johnsons divorce order.  Rather, Judge Jenkins found the disputed payment either was not late or was excusable.  Thus, through the order dated January 13, 2004, Judge Jenkins set aside his own previous order of October 30, 2003, which had required William to make child support payments through the court. 
A review of the record shows that William contended he did pay the child support due October 17, 2003 within the allowed time.  Additionally, when it was brought to his attention that Susan did not receive the check, he corrected the problem.  Any delay might be attributed to Susan, as she apparently would not allow William to give her the check directly, but preferred [he] place the child support check in a zip lock sandwich bag, with a weight, and throw it toward the front of [Susans] residence.  The peculiarity of this manner of delivery required by Susan made a lost child support payment almost inevitable.  
The other failure is the fact William deducted amounts totaling $32.81, which he directly paid for the support of his child, from the child support payment.  When Susan, through counsel, objected to this deduction, William promptly paid this amount.  Though this deduction was in error, it seems to have simply been a misunderstanding, which was subsequently corrected.  The family court deemed it unduly harsh to require payment through the court and the required a 5% handling fee, based solely on a deduction that was promptly corrected.
The family court specifically found no indication of previous delinquencies and no credible indication that child support payments needed to be paid through the court for them to be paid properly.  As the trial court said, the issue of the October 17, 2003 payment is simply one partys statement versus that of the other party.  We do not find error in the family courts refusal to require payment through the court for what was at most a technical violation that was corrected when brought to Williams attention.
Accordingly, we affirm Judge Jenkins order of January 13, 2004, which set aside his previous order of October 30, 2003.  The provisions of the original divorce decree remain in full force and effect and are not modified by either of Judge Jenkins orders, or by this opinion.   
CONCLUSION
For the reasons discussed above, the order of the family court is 
AFFIRMED.
ANDERSON, STILWELL, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.