**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Travis Donta Perkins, Respondent,

v.

Christina Huntshorse-May, Appellant.

Appellate Case No. 2017-000133

---

Appeal From Beaufort County
Peter L. Fuge, Family Court Judge
Deborah A. Malphrus, Family Court Judge

---

Unpublished Opinion No. 2019-UP-193
Submitted April 1, 2019 – Filed May 29, 2019

---

**REVERSED and VACATED**

---

Donald Bruce Clark, of Donald B. Clark, LLC, of Charleston, and Larry Wayne Weidner, II, of Weidner, Wegmann & Harper, LLC, of Beaufort, both for Appellant.

---

**PER CURIAM:** Christina Huntshorse-May (Mother) appeals the family court's order finding her in contempt of court. On appeal, Mother argues the family court erred by (1) denying her request to stay the rule to show cause hearing pursuant to

the Servicemembers Civil Relief Act (the Act)[1]; (2) issuing a rule to show cause against her; (3) modifying a prior court order; and (4) ordering contempt sanctions against her. Travis Perkins (Father) did not file a respondent's brief.[2] We reverse and vacate.

**FACTS**

Mother and Father were previously married with one child (Daughter).[3] On September 21, 2010, the family court issued a final order (the 2010 Order) establishing Mother's primary custody of Daughter and Father's visitation rights with Daughter. Because both parents were in the military and were stationed far apart, the 2010 Order delineated an arrangement for visitation based on the distance between Mother and Father's residences. The 2010 Order directed the parties to "equally share the cost of any travel" for Father's visitation with Daughter. In addition, the 2010 Order specifically directed telephonic visitation times for Father, and Mother was required to provide Father with information about Daughter's school, including the school calendar. The parties were also required to "keep each other informed of their current addresses and telephone numbers."

---

[1] 50 U.S.C. §§ 3901–4043 (2015 & Supp. 2019).

[2] Rule 208(a)(4), SCACR, provides in part: "Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper." Such action may include reversal. *See Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981) (stating the respondent's failure to file a brief allows the court to take such action upon the appeal as it deems proper, and this failure alone would justify reversal; however, the court considered it as an additional ground); *Robinson v. Hassiotis*, 364 S.C. 92, 93 n. 2, 610 S.E.2d 858, 859 n. 2 (Ct. App. 2005) (noting the respondent had not filed a brief and this court may take such action as it deems proper, including reversal); *Campbell v. Carr*, 361 S.C. 258, 266-67, 603 S.E.2d 625, 629 (Ct. App. 2004) (Goolsby, J., concurring) (explaining that under Rule 208(a)(4), SCACR, when a respondent fails to file a brief, the appellate court can reverse if it deems proper); *see also Wierszewski v. Tokarick*, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992) (stating where the respondent failed to file a brief, "it [was] proper to reverse on the points presented rather than to search the record for reasons to affirm").

[3] Daughter reached the age of majority in 2017 after issuance of the order on appeal in this case.

In April 2013, the family court issued an order (the 2013 Order) finding Mother in civil contempt for failing to comply with the visitation parameters outlined in the 2010 Order. Although the family court modified Father's visitation rights for the summer of 2013, it specified the 2010 Order "remain[ed] in full force and effect."

On November 17, 2016, Father filed a motion for a rule to show cause. Father filed an affidavit with his motion, stating Mother should be held in contempt "for failing to comply with the court's previous orders related to Father's visitation and other incident[al] matters." He additionally stated he had been unable to exercise his visitation rights with Daughter since the family court issued the 2013 Order. The family court subsequently issued a rule to show cause against Mother on November 21, 2016, ordering Mother to attend a hearing scheduled for December 15, 2016. Mother was personally served with the rule to show cause on December 5, 2016.

On December 12, 2016, Mother emailed a letter to the family court requesting the court stay the hearing pursuant to the Act. She explained her duties to the Wounded Warrior Battalion materially affected her ability to attend the hearing, stating, "[D]ue to our limited staffing over the holiday period, [I] will be required to stay in the local area throughout the holiday period." Mother further noted the hearing was during Daughter's final exams, and she believed it was in Daughter's best interest to stay the hearing. Mother also attached an affidavit from her commanding officer, which stated Mother's "ability to appear and protect her interests . . . [was] materially affected by her military service" and "respectfully request[ed] that the court grant a stay of the proceedings" under the Act. In a letter dated December 13, 2016, the family court denied Mother's request to stay the proceedings, noting Mother submitted her request to stay at the "last minute."

The family court held the contempt hearing as scheduled on December 15, 2016. Mother did not appear, but her attorney appeared on her behalf and submitted a motion to dismiss the rule to show cause on the same day, alleging Father's motion for cause failed to comply with Rule 14, SCRFC, and raising other affirmative defenses. At the hearing, the family court denied Mother's motion to dismiss and reiterated its denial of Mother's motion to stay the proceedings, finding Mother's request to stay the proceedings did not comply with the enumerated requirements of the Act. Father provided testimony regarding Mother's violations of the 2010 Order. He testified Mother willfully failed to communicate with him and stated he did not know where she or Daughter were currently living. Father testified he sent numerous emails to Mother, but she had not responded since the summer of 2013. He also stated he called Mother's number and left messages, but she never

answered or responded. Father stated he asked Mother for her address and phone number, but she refused to provide the information.

In an order filed January 3, 2017, the family court found Mother willfully violated the 2010 Order and was therefore in civil contempt of court. The family court ordered Mother be confined for 365 days' imprisonment. The order further provided Mother could purge her contempt by (1) paying a fine in the amount of $1,500 before her release; (2) turning over Daughter for immediate visitation with Father; (3) paying all transportation costs and fees arising from the immediate visitation; (4) complying with ongoing visitation as outlined in the 2010 Order; and (5) complying with all other provisions of the 2010 Order. This appeal follows.

**STANDARD OF REVIEW**

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "Questions of statutory interpretation are 'questions of law, which are subject to de novo review and which we are free to decide without any deference to the court below.'" *S.C. Dep't of Soc. Servs. v. Boulware*, 422 S.C. 1, 6, 809 S.E.2d 223, 226 (2018) (quoting *State v. Whitner*, 399 S.C. 547, 552, 732 S.E.2d 861, 863 (2012)).

**LAW/ANALYSIS**

**I.      DENIAL OF REQUEST TO STAY HEARING**

Mother argues the family court erred in denying her request to stay the rule to show cause hearing pursuant to the Act. We agree.

The Act is "to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Doe v. City of Duncan*, 417 S.C. 277, 282, 789 S.E.2d 602, 604 (Ct. App. 2016) (quoting *Murdock v. Murdock*, 338 S.C. 322, 330, 526 S.E.2d 241, 246 (Ct. App. 1999)). "The purpose of [the Act] is to prevent plaintiffs from obtaining default judgments against military personnel during times when circumstances prevent the service person from appearing in the action and defending themselves." *Murdock*, 338 S.C. at 330, 526 S.E.2d at 246.

Subsection 3932(b)(1) of the Act provides that a party to a child custody proceeding who is serving within the military may "[a]t any stage before final judgment," submit an application to stay the action "for a period of not less than

[ninety] days."  50 U.S.C. § 3932(b)(1) (Supp. 2019).  Subsection 3932(b)(1) further provides "a court may on its own motion and shall, upon application by the servicemember, stay the action . . . , if the conditions in [subsection (b)(2)] are met."  *Id.*  Subsection 3932(b)(2) provides:

> An application for a stay under [subsection (b)(1)] shall include the following:
>
> (A)     A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B)     A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932(b)(2) (Supp. 2019).

Mother asserts the family court did not understand the mandatory nature of a request for a stay under the Act.  She argues the Act does not impose any time limit on when the request must be made prior to the scheduled hearing, and therefore, the family court erred in denying her request because it was "last minute."  Mother contends the family court's denial of her request to stay the hearing prejudiced her because she was deprived of her right to attend the contempt hearing and defend herself due to her service in the military.

We find the family court erred by denying Mother's motion to stay the proceedings under the Act because Mother's application complied with the requirements of subsection 3932(b)(2).  *See* § 3932(b)(1) ("[A] court may on its own motion and shall, upon application by the servicemember, stay the action . . . , if the conditions in [subsection (b)(2)] are met.").  Subsection 3932(b)(2) requires Mother to provide (1) a letter explaining why her current military duty requirements materially affect her ability to appear and stating a date when she will be available to appear, and (2) a letter from her commanding officer stating that her "current military duty prevents appearance and that military leave is not authorized."

Mother's letter complied with the requirements of subsection 3932(b)(2)(A). It stated in pertinent part:

> I am unable to appear before this Court on the date of the hearing because I am the Company First Sergeant for D Company, Wounded Warrior Battalion-West and due to our limited staffing over the holiday period, will be required to stay in the local area throughout the holiday period. Furthermore, the court date scheduled directly conflicts with my daughter's high school final exams. I believe it would be in her best interest to be afforded the opportunity to complete those exams without the distraction of a court appearance. Despite these conflicts, I am able to appear before this Court on or after January 16, 2017.

Mother's commanding officer's affidavit also complied with the requirements under subsection 3932(b)(2)(B). Specifically, in his affidavit, Mother's commanding officer stated Mother's military duties materially affected her ability to appear. His letter stated:

> [Mother] has already worked in close concert with her Company Commander to create a holiday leave plan. This plan would be materially affected by her absence as she is an integral part of the command staff for Company D. Furthermore, the holidays are a particularly volatile time for the Marine Corps as a whole, and for Wounded Warrior Battalion-West in particular. During this time, [Mother] will need to quickly respond to and resolve personnel and administrative issues within the command.

He further requested a stay of the proceedings until Mother's ability to appear in the case was no longer materially affected by her active duty military service and stated Mother would be available to appear in the case on or after January 16, 201[7].[4] Accordingly, we find Mother's application for a stay complied with the

---

[4] The letter states January 16, 2016; however, we find this was a typographical error because the letter was written on December 6, 2016.

requirements under the Act, and the family court erred in denying her request.

## II.    SANCTIONS

Mother argues the family court erred in issuing a bench warrant for her arrest and fining Mother $1,500 because the court erred in not granting Mother's request to stay the rule to show cause hearing pursuant to the Act.  Thus, she asserts the bench warrant and fine should be vacated.  We agree.

We find the family court erred in not granting Mother's request to stay the rule to show cause hearing pursuant to the Act; thus, the family court erred by finding Mother in civil contempt for violating the 2010 Order.  *See Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("A trial court's determination regarding contempt is subject to reversal where it is based on findings that are without evidentiary support or where there has been an abuse of discretion."  (quoting *Henderson v. Puckett*, 316 S.C. 171, 173, 447 S.E.2d 871, 872 (Ct. App. 1994)).  Therefore, we reverse the family court's finding of contempt of court and vacate the sanctions against Mother.

Because we find the family court erred in denying Mother's request to stay the rule to show cause hearing pursuant to the Act, reverse the family court's finding Mother in contempt of court, and vacate the sanctions against her, we need not address Mother's remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the order of the family court is

**REVERSED and VACATED.**[5]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.